Mrs. Veda **WILBURN** et al., Appellants,

v.

K. W. **MARTIN LUMBER COMPANY** et al., Appellees.

No. 4497.

Court of Civil Appeals of Texas.

Waco.

Sept. 29, 1966.

Rehearing Denied Oct. 27, 1966.

Harold A. Ellard, Harold B. Stone, Dallas, for appellants.

Brown, Day & Crowley, Ft. Worth, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs from an instructed verdict and judgment for defendants in a truck-tractor collision case.

Plaintiffs Wilburn, et al., surviving wife and children of Burns Wilburn, deceased, sued defendant Lumber Company and its driver, for injuries and resulting death of deceased, which plaintiffs alleged occurred when the farm tractor deceased was riding on Highway 24 was struck from the rear by defendants' truck.

Trial was to a jury. After plaintiffs rested, defendants moved for instructed verdict, which motion was granted. The trial court thereafter rendered judgment for defendants.

Plaintiffs appeal on 10 points, asserting:

1) The trial court erred in granting defendants' motion for instructed verdict because there is probative evidence of the following items, which were negligence, proximately causing the collision:

A) That defendant failed to keep a proper lookout.

B) That defendant failed to turn to the right.

C) That defendant failed to timely apply its brakes.

D) That defendant was traveling at excessive speed.

E) That defendant was following too closely.

F) That defendant failed to overtake deceased's vehicle to his left.

2) That discovered peril was raised by the evidence.

3) That the trial court erred in not granting a new trial on newly discovered evidence.

Three witnesses testified as to the collision: Deputy Kunkle and Patrolman Reed, both of whom arrived on the scene after the accident, and Bullard, driver of defendant's truck.

Bullard testified he was driving east on Highway 24 at 45 m. p. h. and a quarter of a mile ahead saw a farm tractor driving east on the right shoulder of the road; that 30 or 40 feet before he got to the tractor the man on the tractor made a sharp left-hand turn, "at which time I slammed on my brakes and turned hard to the left and sounded my horn." Bullard testified the truck jackknifed and hit the tractor. Deputy Kunkle testified the right door and part of right fender of the truck were damaged and there were no marks on the front of the truck. Kunkle testified the skid marks made by defendant's truck from the beginning to the point of impact were approximately 78 feet; and witness Reed testified they were approximately 99 feet.

Driver Bullard was looking, and saw deceased driving on the right shoulder a quarter mile away. There was nothing to indicate deceased would get in Bullard's lane of traffic until deceased made the sharp turn to the left.

The evidence is that Bullard kept a proper lookout; applied his brakes as

quickly as danger was manifest; was not traveling at excessive speed; was not following too closely (deceased was traveling on the right shoulder); and made every effort to avoid the collision, including turning to the left.

At 40 miles per hour, one travels at 60 feet per second; and at 45 miles per hour one travels 66 feet per second. Viewing the evidence most favorably to plaintiffs, this placed deceased some 99 feet ahead of Bullard when he applied his brake; and gave Bullard approximately 1½ seconds to avoid the collision. Under such circumstances we think the evidence is not sufficient to raise the issue of discovered peril, or for Bullard to have averted the collision by a turn to the right. See Welch v. Ada Oil Co., CCA, (nre) 302 S. W.2d 175; Herrin Pet. Trnsp. Co. v. Proctor, 161 Tex. 222, 338 S.W.2d 422; Texas & N. O. Ry. v. Hart, 163 Tex. 450, 356 S.W. 2d 901. In the Hart case, supra, the court holds that an elapsed time of "two and a fraction seconds" too short to raise the issue of discovered peril. See also: Ham v. McDonald, CCA (nre), 364 S.W.2d 752; Cox v. City of Amarillo, CCA (nre) 391 S.W.2d 494.

Plaintiffs moved for a new trial on the grounds of newly discovered evidence, asserting that a witness Hartline, had been found who saw the accident, and who would testify that defendant was traveling 55 to 60 miles per hour. The evidence on motion for new trial has not been brought forward by Statement of Facts or by Bill of Exception, and we cannot say the trial court abused his discretion in not granting same. New Amsterdam Cas. Co. v. Jordan, Sup. Ct., 359 S.W.2d 864.

All of plaintiffs' points and contentions are overruled.

Affirmed.