J.W. WISEMAN, Appellant,

v.

Robert LEVINTHAL, M.D., Appellee.

No. 01–91–00334–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 19, 1991.

Rehearing Denied Jan. 6, 1992.

Charles Kaufman, Edward Lindsay, Houston, for appellant.

Jarrett A. Glazer, Houston, for appellee.

Before TREVATHAN, C.J., and O'CONNOR and COHEN, JJ.

## OPINION

O'CONNOR, Justice.

The only issue here is whether the defendant satisfied the requirements for setting aside the judgment. The trial court grant-ed Robert Levinthal, M.D., the plaintiff, a post-answer default judgment against J.W. Wiseman, the defendant, when Wiseman failed to appear at trial. We find that the defendant did not satisfy the requirements for setting aside the judgment and we affirm.

This is an appeal, voluntarily accelerated by the parties, in which they agree to: Submit briefs on an accelerated schedule (appellant files his brief 20 days from the filing of the record, instead of 30; appellee files his brief 20 days from the date the appellant files his brief, instead of 25); limit the size of the briefs (20 pages instead of 50); and waive oral argument. In return, this Court will endeavor to issue the opinion within 30 days of submission. This case was submitted on December 3, 1991 and the opinion was issued on December 19, 1991.

The plaintiff executed a lease agreement with Wiseman Industries, Inc. d/b/a Electro Welding Company for a piece of machinery known as a plate roller. The monthly rental for the machinery was $6,300, and the term of the lease was for 60 months. As part of the lease agreement, the defendant executed a guaranty of the agreement. Wiseman Industries defaulted in the performance of the lease, and the plaintiff brought this suit for damages. The defendant filed a general denial and a verified denial of the execution of the guaranty agreement. TEX.R.CIV.P. 93(13)(f).

When the case was called for trial, the defendant did not appear. After receiving evidence, the trial court found that a lease agreement was executed, and that the defendant, as an individual, executed a guaranty of the lease. The trial court awarded the plaintiff $54,000 plus interest and reasonable attorney's fees.

The day after the default judgment was rendered, the defendant filed an unverified motion for new trial. The only affidavit attached to the motion was executed by Bruce Gaylor, who provided no information about the defendant's failure to appear at trial. Neither the defendant nor his lawyer filed any sworn evidence to explain their

absence from the trial. After the hearing on the motion for new trial, the trial court signed an order overruling it.

The record before this Court consists of a transcript and a statement of facts of the evidence received by the court in support of the default judgment. We have no statement of facts from the hearing on the motion for new trial.

### 1. Standard of review

 A post-answer default is one rendered when the defendant has filed an answer, but fails to appear at trial. *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex.1979). In a post-answer default, the defendant's answer places the merits of the plaintiff's cause of action at issue. *Stone Resources, Inc. v. Barnett*, 661 S.W.2d 148, 151 (Tex. App.—Houston [1st Dist.] 1983, no writ). At the hearing on the post-answer default, the plaintiff must carry his burden to prove the elements of his cause of action. *Stoner*, 578 S.W.2d at 682; *Stone Resources*, 661 S.W.2d at 151.

 The rules that trial courts are to follow to determine whether to grant a motion for new trial after a default judgment were articulated in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939); *see Lopez v. Lopez*, 757 S.W.2d 721, 722 (Tex.1988). When the defendant files a motion for new trial to challenge a default judgment rendered because he did not appear for a trial setting, the defendant must allege—and support with sworn proof—the following:

1. The defendant's failure to appear was not intentional, or the result of conscious indifference, but was due to a mistake or accident. *Craddock*, 133 S.W.2d at 126.

2. The defendant has a meritorious defense. *Id.*

3. The motion for new trial is filed when it will not occasion a delay or otherwise work an injury to the plaintiff. *Id.; see also Angelo v. Champion Restaurant Equip. Co.*, 713 S.W.2d 96, 97 (Tex. 1986).

In addition, as subparts to the third element, the courts have looked more favorably on the defendant's motion when he also pleads and proves:

a. The defendant is willing to proceed to trial immediately. *Angelo*, 713 S.W.2d at 98; *Stone Resources*, 661 S.W.2d at 152.

b. The defendant is willing to reimburse the plaintiff for all reasonable expenses incurred in getting the default. *Angelo*, 713 S.W.2d at 98.

Failure to plead that the defendant is willing to go to trial immediately or to offer to reimburse the plaintiff does not necessarily preclude a new trial. *Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex.1987); *Angelo*, 713 S.W.2d at 98; *Van Der Veken v. Joffrion*, 740 S.W.2d 28, 30 n. 1 (Tex.App.—Texarkana 1987, no writ).

 In reviewing the trial court's ruling on the motion for new trial, we leave the question whether the defendant has satisfied the *Craddock* test to the trial court's discretion, and we will not disturb the court's ruling unless the court abuses its discretion. *Cliff*, 724 S.W.2d at 779; *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex.1984). Trial courts generally should rule in favor of giving a defendant his day in court when a motion for new trial is filed after a default judgment. *Sexton v. Sexton*, 737 S.W.2d 131, 133 (Tex.App.—San Antonio 1987, no writ). Where the defendant meets the guidelines of *Craddock*, it is an abuse of discretion for the trial court to deny the defendant a new trial. *See Blake v. Blake*, 725 S.W.2d 797, 800 (Tex. App.—Houston [1st Dist.] 1987, no writ).

### 2. Default judgment

 In his one point of error, the defendant argues that the trial court abused its discretion in denying his motion for new trial. In his unverified motion for new trial, the defendant made the following allegations: His failure to appear was not intentional or the result of conscious indifference; he had a meritorious defense; and granting the motion would not injure the plaintiff. His allegations met the requirements of *Craddock*.

In the unverified motion, the defendant set out the following facts: He retained counsel four days before the trial setting; his counsel contacted the court coordinator about the pending suit; his counsel was told the case was number nine or 10 on the docket; and, on the day of setting, the defendant's counsel filed an entry of appearance. These unverified factual allegations do not satisfy the first requirement of *Craddock*.

The defendant's allegation in his motion for new trial, that his failure to answer was not due to conscious indifference, was neither verified nor supported by an affidavit; thus, it provides no competent evidence of that fact. *See Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex.1966) (the motion for new trial to set aside a default judgment must be supported by affidavits or other competent evidence). Because we have no statement of facts from the hearing on the motion for new trial, we must assume the evidence introduced at that hearing supports the trial court's overruling of the motion for new trial. *See Gulf Oil Corp. v. Williams*, 642 S.W.2d 270, 272 (Tex. App.—Texarkana 1982, no writ) (motion for new trial hearing on jury misconduct); *Wilburn v. K.W. Martin Lumber Co.*, 407 S.W.2d 270, 272 (Tex.App.—Waco 1966, writ ref'd n.r.e.) (motion for new trial hearing on newly discovered evidence). The defendant did not meet his burden to prove the first element of *Craddock*. The trial court, therefore, did not abuse its discretion in overruling the defendant's motion for new trial.

We overrule the defendant's sole point of error and affirm the judgment below.