# NO. 12-09-00187-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *AMANDA CHAMBERLAIN,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *PAUL E. CHAMBERLAIN AND IN* *THE INTEREST OF H.N.C., K.M.C.,* *E.R.C. AND M.B.C., CHILDREN,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Amanda Chamberlain, Appellant, appeals the trial court's default final decree of divorce.[1] On appeal, Amanda presents six issues. We remand in part and affirm in part.

### BACKGROUND

Amanda and Paul E. Chamberlain were married on April 7, 1997, and are the parents of four children. Amanda filed an original petition for divorce on February 24, 2006, requesting that she and Paul be appointed joint managing conservators, that she be designated as the conservator with the exclusive right to designate the primary residence of the children, that Paul be ordered to pay child support and to provide medical support, and that the court divide their estate in a manner that the court deems just and right. On April 11, 2006, the trial court entered agreed temporary orders and appointed Amanda and Paul as temporary joint managing conservators of the children. The trial court also ordered that Amanda have the exclusive right to designate the primary residence of the children without regard to geographic location, that Paul be granted visitation with the children in accordance with a standard possession order, and that Paul pay Amanda child support in the amount of $600.00 per month.

---

[1] Paul E. Chamberlain, Appellee, did not file a brief.

On February 12, 2008, Paul filed an original answer and an original counterpetition for divorce. In his counterpetition, Paul requested that he and Amanda be appointed joint managing conservators, that he be designated as the conservator who has the exclusive right to designate the primary residence of the children, that Amanda be ordered to pay child support and to provide medical support, that Amanda be ordered to return the children to the jurisdiction of the court, and that the court divide their estate in a manner that the court deems just and right.

In February 2009, the parties were notified that the case was set for dismissal on March 19, 2009. Paul filed a motion to retain the case on the docket, and the trial court granted Paul's motion. The trial court also notified Amanda's and Paul's attorneys that a prove-up hearing was set for March 25, 2009. On that date, Paul appeared for the prove-up hearing, but neither Amanda nor her attorney appeared. Paul testified at the hearing, requesting that the marital property be divided so that each of them receive everything in their possession. He also stated that a house fire destroyed most of their possessions. According to Paul, he and Amanda should be appointed joint managing conservators of the children, but Amanda should be appointed primary conservator because she moved the children to Florida. Paul also stated that he would be paying child support. Regarding visitation with the children, he requested that he and Amanda meet halfway between their residences, and that both of them incur one-half of the travel expenses. Finally, Paul stated that what he had presented to the trial court was "fair and equitable." At the conclusion of the hearing, the trial court granted "[a]ll relief requested," including the divorce.[2]

Following the hearing, the trial court entered a final decree of divorce. The trial court appointed Amanda and Paul as joint managing conservators of the children, ordered that Amanda have the exclusive right to designate the primary residence of the children within Smith County, Texas, and ordered that Paul have visitation according to a standard possession order. The trial court also ordered Amanda and Paul to surrender and return the children at a location approximately one-half the distance between their residences, and stated that each party agreed "to incur one-half the travel expense." Paul was ordered to pay child support in the amount of $401.00 per month. Amanda was ordered to maintain each child on her health insurance and furnish to Paul proof that health insurance has been provided for each child. Paul and Amanda each received, as their sole and separate property, all the personal property in their possession. Paul also received shop tools, two small four wheelers, and the sole proprietorship, known as ProCustom Autoworks, as his sole and

---

[2] The reporter's record of the hearing contains nine pages. At least three of those pages pertain to issues unrelated to this appeal.

separate property. Amanda received a 2003 Ford Expedition as additional sole and separate property.

On April 23, 2009, Amanda filed an unverified motion for new trial, alleging that her failure to appear at the March 25 hearing was not intentional or due to indifference on her part, that she has a meritorious defense, and that the granting of a new trial would not cause injury to Paul. Amanda's motion was overruled by operation of law. This appeal followed.

## DEFAULT JUDGMENT

In her first issue, Amanda argues that the trial court abused its discretion by denying her motion for new trial and failing to set aside the default judgment.

### Applicable Law

A defendant attempting to set aside a default judgment by motion for new trial must (1) establish that the failure to answer was not intentional or the result of conscious indifference, (2) set up a meritorious defense, and (3) demonstrate that setting aside the default will not cause a delay or otherwise injure the plaintiff. *See Est. of Pollack v. McMurrey*, 858 S.W.2d 388, 390 (Tex. 1993); *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939). The motion must be supported by affidavits or other competent evidence. *See Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966); *Hoover v. Hooker*, No. 05-00-00268-CV, 2002 WL 1462210, at *4 (Tex. App.—Dallas July 9, 2002, no pet.) (not designated for publication). Conclusory allegations are insufficient. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 82 (Tex. 1992); *Freeman v. Pevehouse*, 79 S.W.3d 637, 641 (Tex. App.—Waco 2002, no pet.).

The requisites for granting a motion to set aside a trial court's default judgment also apply to a postanswer default judgment. *Grissom v. Watson*, 704 S.W.2d 325, 326 (Tex. 1986). We review the trial court's denial of a motion for new trial for an abuse of discretion. *See Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984); *Martinez v. Martinez*, 157 S.W.3d 467, 469 (Tex. App.—Houston [14th Dist.] 2004, no pet.). The trial court abuses its discretion in denying a motion for new trial if all of the *Craddock* elements are met. *Bank One, Tex., N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex. 1992).

When a counterclaim or cross-claim is served upon a party who has made an appearance in the action, the party so served, in the absence of a responsive pleading, shall be deemed to have pleaded a general denial of the counterclaim or cross-claim, but the party shall not be deemed to have waived any special appearance or motion to transfer venue. TEX. R. CIV. P. 92.

## Analysis

Here, Amanda is deemed to have pleaded a general denial to Paul's counterpetition. *See* TEX. R. CIV. P. 92. Thus, the final decree of divorce is a postanswer default judgment. *See Grissom*, 704 S.W.2d at 326. Under the first element of the *Craddock* test, Amanda had the burden to set forth facts that negated intentional or consciously indifferent conduct. *See Freeman*, 79 S.W.3d at 644. In doing so, she was required to offer competent proof of her excuse. *See id.*; *BancTexas McKinney, N.A. v. Desalination Sys., Inc.*, 847 S.W.2d 301, 302 (Tex. App.–Dallas 1992, no writ). In her motion for new trial, Amanda first alleged that her failure to appear at the March 25 hearing was not intentional or due to indifference on her part because she never received notice of the final hearing from her attorney. Even if she had received some notice, Amanda alleged, she would have required substantial advance notice to make arrangements to appear at the hearing because she resided in Florida and was the sole caretaker for four minor children. However, her allegation is neither verified nor supported by an affidavit and, thus, provides no competent evidence or proof that her conduct was not intentional or the result of conscious indifference. *See Freeman*, 79 S.W.3d at 644; *Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994) (finding proof sufficient if motion and affidavits set forth facts which, if true, would negate intentional or consciously indifferent conduct); *Wiseman v. Levinthal*, 821 S.W.2d 439, 442 (Tex. App.—Houston [1st Dist.] 1991, no writ) (citing *Ivy*, 407 S.W.2d at 214).

Because Amanda failed to establish the first element of *Craddock*, that her failure to appear was not intentional or due to conscious indifference, the trial court did not abuse its discretion in denying her motion for new trial. *See Wiseman*, 821 S.W.2d at 442. Accordingly, we overrule Amanda's first issue.

### PROPERTY DIVISION

In her sixth issue, Amanda contends that there is "no more than a scintilla" of evidence to support the division of the community property.

## Applicable Law

In a decree of divorce, a court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party. TEX. FAM. CODE ANN. § 7.001(Vernon 2006). We review a trial court's division of property under an abuse of discretion standard. *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.–Dallas 2005, pet. denied); *see also Garza v. Garza*, 217 S.W.3d 538, 548 (Tex. App.–San Antonio 2006, no pet.). A trial court

does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *Garza*, 217 S.W.3d at 549; *Moroch*, 174 S.W.3d at 857. Moreover, we should reverse a court's division of property only if the error materially affects the court's just and right division of the property. *Henry v. Henry*, 48 S.W.3d 468, 475 (Tex. App.–Houston [14th Dist.] 2001, no pet.). However, once reversible error affecting the "just and right" division of the community estate is found, an appellate court must remand the entire community estate for a new division. *Sheshtawy v. Sheshtawy*, 150 S.W.3d 772, 780 (Tex. App.–San Antonio 2004, pet. denied) (quoting *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985)).

In a suit for divorce, the petition may not be taken as confessed if the respondent does not file an answer. TEX. FAM. CODE ANN. § 6.701 (Vernon 2006). Thus, if a respondent in a divorce case fails to answer or appear, the petitioner must still present evidence to support the material allegations in the petition. *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979) (stating that judgment cannot be entered on pleading in postanswer default judgment, but plaintiff must offer evidence and prove case as in judgment upon trial); *Vazquez v. Vazquez*, 292 S.W.3d 80, 83-84 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Wilson v. Wilson*, 132 S.W.3d 533, 538 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). Thus, a default judgment of divorce is subject to an evidentiary attack on appeal. *Vazquez*, 292 S.W.3d at 84.

## Analysis

Here, Paul, as counterpetitioner, was obligated to present evidence at the prove-up hearing supporting the material allegations in his petition regarding the division of the marital estate. *See id.* In his testimony, Paul requested that the marital property be divided so that each of them received everything in their possession. He also stated that a house fire destroyed most of their possessions, noting that "[w]e didn't have any belongings hardly." Finally, he stated what he had presented to the trial court was "fair and equitable." Paul did not define the assets of the community estate, nor did he describe them with any particularity. *See Wilson*, 132 S.W.3d at 538. He also failed to describe the parties' possessions not destroyed by the house fire, and the record does not reflect any specifics regarding the nature or value of the property or debts. *See Vazquez*, 292 S.W.3d at 85. Moreover, the final decree of divorce does not correspond with Paul's testimony. The decree refers to specific assets awarded to each party, including shop tools, two small four wheelers, a sole proprietorship, and a motor vehicle, that were never described or valued for division during Paul's testimony. *See Wilson*, 132 S.W.3d at 538.

Because Paul did not present sufficient evidence at the prove-up hearing to support the division of the community estate, the trial court abused its discretion in ordering a division of the estate of the parties in the final decree of divorce. *See* TEX. FAM. CODE ANN. § 7.001; *Stoner*, 578 S.W.2d at 682; *Vazquez*, 292 S.W.3d at 85; *Wilson*, 132 S.W.3d at 538. Accordingly, we sustain Amanda's sixth issue.

## CHILD SUPPORT, MEDICAL SUPPORT, AND TRAVEL EXPENSES

In her second issue, Amanda argues that there is no evidence to support the award of child support in the final decree of divorce. In her third issue, Amanda contends that there is no evidence to support the trial court's order that Amanda, as the child support obligee, provide medical support for the children. In her fifth issue, Amanda argues that there is no more than a "scintilla" of evidence to support the allocation of travel expenses.

We have determined that there is insufficient evidence to support the division of the community estate. The child support determination, including the medical support obligation and allocation of travel expenses, may be "materially influenced" by the property division. *See Vazquez*, 292 S.W.3d at 86; *In re S.C.S.*, 201 S.W.3d 882, 888 (Tex. App.—Eastland 2006, no pet.), *overruled on other grounds*, *Iliff v. Iliff*, No. 09-0753, 2011 WL 1446725, at *6 (Tex. April 15, 2011); *Wilson*, 132 S.W.3d at 539; TEX. FAM. CODE ANN. § 154.123 (b)(14) (Vernon 2008) (stating that one factor courts shall consider when applying child support guidelines is cost of travel in order to exercise possession of and access to child). Moreover, even though the trial court is required to calculate an obligor's net resources when determining child support liability, the record is devoid of evidence concerning Paul's employment, wages, salary, or income. *See* TEX. FAM. CODE ANN. § 154.062 (Vernon Supp. 2010) (stating that court "shall calculate net resources for the purpose of determining child support liability"); *Miles v. Peacock*, 229 S.W.3d 384, 390 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Therefore, there is no evidence to support the trial court's child support determination, including the medical support and allocation of travel expenses.

We sustain Amanda's second, third, and fifth issues.

## GEOGRAPHIC RESTRICTION

In her fourth issue, Amanda contends that there is insufficient evidence to support the imposition of a geographic restriction on her right to designate the primary residence of the children.

The best interest of the child is the primary consideration in determining conservatorship or residency of a minor child. *Villasenor v. Villasenor*, 911 S.W.2d 411, 419 (Tex. App.–San Antonio 1995, no writ). In determining the best interest of the child, a number of factors have been considered, including (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals; (6) the plans for the child by these individuals; (7) the stability of the home; (8) the acts or omissions of the parent that may indicate the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent.  *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976); *see also Vasquez*, 292 S.W.3d at 85.

As previously noted, Paul, as counterpetitioner, must present evidence to support the material allegations in his petition. *Stoner*, 578 S.W.2d at 682; *Vazquez*, 292 S.W.3d at 83-84; *Wilson*, 132 S.W.3d at 538. In his counterpetition for divorce, Paul requested that he be designated the conservator who has the exclusive right to designate the primary residence of the children. Further, he requested that Amanda return the children to the jurisdiction of the court pursuant to Smith County's standing temporary restraining order that became effective when Amanda filed her original petition for divorce. The standing temporary restraining order attached to Amanda's original petition restrained both parties from removing the minor children to a location beyond the jurisdiction of the court unless authorized by the court. At the prove-up hearing, Paul acknowledged that Amanda moved the children to Florida. He did not request that the trial court impose a geographic restriction on Amanda's right to designate the primary residence of the children. The final decree of divorce, however, does not correspond with Paul's testimony, and orders that Amanda be given the exclusive right to designate the primary residence of the children, but only within Smith County, Texas. *See Wilson*, 132 S.W.3d at 538. Further, Paul merely acknowledged in his testimony that Amanda moved the children to Florida. This statement, alone, provides no evidence from which the trial court could determine the best interests of the children regarding a geographic restriction. *See Holley*, 544 S.W.2d at 371-72; *Vazquez*, 292 S.W.3d at 85.

Because Paul did not present sufficient evidence at the prove-up hearing to support a geographic restriction on Amanda's right to designate the primary residence of the children, the trial

court abused its discretion in ordering the restriction. *See Vazquez*, 292 S.W.3d at 85; *Wilson*, 132 S.W.3d at 538. According, we sustain Amanda's sixth issue.

## CONCLUSION

Having sustained Amanda's second, third, fourth, fifth, and sixth issues, we *reverse* the portions of the final decree of divorce dividing the marital estate, determining the child support liability, including the medical support obligation and allocation of travel expenses, and imposing a geographic restriction on Amanda's right to designate the children's primary residence. Accordingly, we *remand* for further proceedings consistent with this opinion. In all other respects, the trial court's judgment is *affirmed*.

**BRIAN HOYLE**
Justice

Opinion delivered May 31, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)