NO. 12-09-00187-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

AMANDA CHAMBERLAIN,                      §                      APPEAL
FROM THE 

APPELLANT            

                                                            

V.                                                                    

                                                                        §                      COUNTY
COURT AT LAW

PAUL E. CHAMBERLAIN AND IN

THE INTEREST OF H.N.C.,
K.M.C.,

E.R.C. AND M.B.C.,
CHILDREN,

APPELLEE                                                   §                      SMITH
COUNTY, TEXAS







MEMORANDUM
OPINION

Amanda
Chamberlain, Appellant, appeals the trial court=s
default final decree of divorce.[1]
On appeal, Amanda presents six issues.  We remand in part and affirm in
part.

 

Background

Amanda
and Paul E. Chamberlain were married on April 7, 1997, and are the parents of
four children.  Amanda filed an original petition for divorce on February 24,
2006, requesting that she and Paul be appointed joint managing conservators,
that she be designated as the conservator with the exclusive right to designate
the primary residence of the children, that Paul be ordered to pay child
support and to provide medical support, and that the court divide their estate
in a manner that the court deems just and right. On April 11, 2006, the trial
court entered agreed temporary orders and appointed Amanda and Paul as
temporary joint managing conservators of the children. The trial court also
ordered that Amanda have the exclusive right to designate the primary residence
of the children without regard to geographic location, that Paul be granted
visitation with the children in accordance with a standard possession order,
and that Paul pay Amanda child support in the amount of $600.00 per month.

On
February 12, 2008, Paul filed an original answer and an original
counterpetition for divorce. In his counterpetition, Paul requested that he and
Amanda be appointed joint managing conservators, that he be designated as the
conservator who has the exclusive right to designate the primary residence of
the children, that Amanda be ordered to pay child support and to provide
medical support, that Amanda be ordered to return the children to the
jurisdiction of the court, and that the court divide their estate in a manner
that the court deems just and right.

In
February 2009, the parties were notified that the case was set for dismissal on
March 19, 2009. Paul filed a motion to retain the case on the docket, and the
trial court granted Paul’s motion. The trial court also notified Amanda’s and
Paul’s attorneys that a prove-up hearing was set for March 25, 2009. On that
date, Paul appeared for the prove-up hearing, but neither Amanda nor her
attorney appeared. Paul testified at the hearing, requesting that the marital
property be divided so that each of them receive everything in their
possession. He also stated that a house fire destroyed most of their
possessions. According to Paul, he and Amanda should be appointed joint
managing conservators of the children, but Amanda should be appointed primary
conservator because she moved the children to Florida. Paul also stated that he
would be paying child support. Regarding visitation with the children, he
requested that he and Amanda meet halfway between their residences, and that
both of them incur one-half of the travel expenses. Finally, Paul stated that
what he had presented to the trial court was “fair and equitable.” At the
conclusion of the hearing, the trial court granted “[a]ll relief requested,”
including the divorce.[2]  

Following
the hearing, the trial court entered a final decree of divorce. The trial court
appointed Amanda and Paul as joint managing conservators of the children,
ordered that Amanda have the exclusive right to designate the primary residence
of the children within Smith County, Texas, and ordered that Paul have
visitation according to a standard possession order. The trial court also
ordered Amanda and Paul to surrender and return the children at a location
approximately one-half the distance between their residences, and stated that
each party agreed “to incur one-half the travel expense.” Paul was ordered to
pay child support in the amount of $401.00 per month. Amanda was ordered to
maintain each child on her health insurance and furnish to Paul proof that
health insurance has been provided for each child. Paul and Amanda each
received, as their sole and separate property, all the personal property in
their possession. Paul also received shop tools, two small four wheelers, and
the sole proprietorship, known as ProCustom Autoworks, as his sole and separate
property.  Amanda received a 2003 Ford Expedition as additional sole and
separate property. 

On
April 23, 2009, Amanda filed an unverified motion for new trial, alleging that
her failure to appear at the March 25 hearing was not intentional or due to
indifference on her part, that she has a meritorious defense, and that the
granting of a new trial would not cause injury to Paul. Amanda’s motion was
overruled by operation of law.  This appeal followed.

 

Default Judgment

            In
her first issue, Amanda argues that the trial court abused its discretion by
denying her motion for new trial and failing to set aside the default judgment.


Applicable
Law

A
defendant attempting to set aside a default judgment by motion for new trial
must (1) establish that the failure to answer was not intentional or the result
of conscious indifference, (2) set up a meritorious defense, and (3)
demonstrate that setting aside the default will not cause a delay or otherwise
injure the plaintiff.  See Est. of Pollack v. McMurrey,
858 S.W.2d 388, 390 (Tex. 1993); Craddock v. Sunshine Bus Lines, Inc.,
134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939).  The motion must be supported by
affidavits or other competent evidence.  See Ivy v. Carrell, 407
S.W.2d 212, 214 (Tex. 1966); Hoover v. Hooker, No.
05-00-00268-CV, 2002 WL 1462210, at *4 (Tex. App.—Dallas July 9, 2002, no pet.)
(not designated for publication).  Conclusory allegations are insufficient.  Holt
Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 82 (Tex. 1992); Freeman
v. Pevehouse, 79 S.W.3d 637, 641 (Tex. App.—Waco 2002, no pet.). 

The
requisites for granting a motion to set aside a trial court's default judgment
also apply to a postanswer default judgment. Grissom v. Watson,
704 S.W.2d 325, 326 (Tex. 1986).  We review the trial court’s denial of a
motion for new trial for an abuse of discretion.  See Strackbein v.
Prewitt, 671 S.W.2d 37, 38 (Tex. 1984); Martinez v. Martinez,
157 S.W.3d 467, 469 (Tex. App.—Houston [14th Dist.] 2004, no pet.). The trial
court abuses its discretion in denying a motion for new trial if all of the Craddock
elements are met.  Bank One, Tex., N.A. v. Moody, 830 S.W.2d 81,
85 (Tex. 1992). 

            When
a counterclaim or cross-claim is served upon a party who has made an appearance
in the action, the party so served, in the absence of a responsive pleading,
shall be deemed to have pleaded a general denial of the counterclaim or
cross-claim, but the party shall not be deemed to have waived any special appearance
or motion to transfer venue.  Tex. R.
Civ. P. 92.

Analysis

            Here,
Amanda is deemed to have pleaded a general denial to Paul’s counterpetition.  See
Tex. R. Civ. P. 92.  Thus,
the final decree of divorce is a postanswer default judgment. See Grissom,
704 S.W.2d at 326. Under the first element of the Craddock test,
Amanda had the burden to set forth facts that negated intentional or consciously
indifferent conduct. See Freeman, 79 S.W.3d at 644. In doing so,
she was required to offer competent proof of her excuse. See id.;
BancTexas McKinney, N.A. v. Desalination Sys., Inc., 847 S.W.2d
301, 302 (Tex. App.–Dallas 1992, no writ). In her motion for new trial, Amanda
first alleged that her failure to appear at the March 25 hearing was not
intentional or due to indifference on her part because she never received
notice of the final hearing from her attorney. Even if she had received some
notice, Amanda alleged, she would have required substantial advance notice to
make arrangements to appear at the hearing because she resided in Florida and
was the sole caretaker for four minor children. However, her allegation is
neither verified nor supported by an affidavit and, thus, provides no competent
evidence or proof that her conduct was not intentional or the result of
conscious indifference. See Freeman, 79 S.W.3d at 644; Dir.,
State Employees Workers’ Comp. Div. v. Evans, 889 S.W.2d 266, 268 (Tex.
1994) (finding proof sufficient if motion and affidavits set forth facts which,
if true, would negate intentional or consciously indifferent conduct); Wiseman
v. Levinthal, 821 S.W.2d 439, 442 (Tex. App.—Houston [1st Dist.] 1991,
no writ) (citing Ivy, 407 S.W.2d at 214). 

Because
Amanda failed to establish the first element of Craddock, that
her failure to appear was not intentional or due to conscious indifference, the
trial court did not abuse its discretion in denying her motion for new trial. See
Wiseman, 821 S.W.2d at 442. Accordingly, we overrule Amanda’s first
issue.

 

Property Division

            In
her sixth issue, Amanda contends that there is “no more than a scintilla” of
evidence to support the division of the community property. 

Applicable
Law

In
a decree of divorce, a court shall order a division of the estate of the
parties in a manner that the court deems just and right, having due regard for
the rights of each party. Tex. Fam. Code
Ann. § 7.001(Vernon 2006).  We review a trial court=s division of property
under an abuse of discretion standard.  Moroch v. Collins, 174
S.W.3d 849, 857 (Tex. App.–Dallas 2005, pet. denied); see also Garza
v. Garza, 217 S.W.3d 538, 548 (Tex. App.–San Antonio 2006, no pet.). A
trial court does not abuse its discretion if there is some evidence of a
substantive and probative character to support the decision. Garza,
217 S.W.3d at 549; Moroch, 174 S.W.3d at 857. Moreover, we should
reverse a court=s
division of property only if the error materially affects the court=s just and right division
of the property. Henry v. Henry, 48 S.W.3d 468, 475 (Tex. App.–Houston
[14th Dist.] 2001, no pet.). However, once reversible error affecting the Ajust and right@ division of the community
estate is found, an appellate court must remand the entire community estate for
a new division. Sheshtawy v. Sheshtawy, 150 S.W.3d 772, 780 (Tex.
App.–San Antonio 2004, pet. denied) (quoting Jacobs v. Jacobs,
687 S.W.2d 731, 733 (Tex. 1985)).

In
a suit for divorce, the petition may not be taken as confessed if the
respondent does not file an answer. Tex.
Fam. Code Ann. § 6.701 (Vernon 2006). Thus, if a respondent in a divorce
case fails to answer or appear, the petitioner must still present evidence to
support the material allegations in the petition. Stoner v. Thompson,
578 S.W.2d 679, 682 (Tex. 1979) (stating that judgment cannot be entered on
pleading in postanswer default judgment, but plaintiff must offer evidence and
prove case as in judgment upon trial); Vazquez v. Vazquez, 292
S.W.3d 80, 83-84 (Tex. App.—Houston [14th Dist.] 2007, no pet.); Wilson
v. Wilson, 132 S.W.3d 533, 538 (Tex. App.—Houston [1st Dist.] 2004,
pet. denied). Thus, a default judgment of divorce is subject to an evidentiary
attack on appeal. Vazquez, 292 S.W.3d at 84.

Analysis

            Here,
Paul, as counterpetitioner, was obligated to present evidence at the prove-up
hearing supporting the material allegations in his petition regarding the
division of the marital estate. See id. In his testimony,
Paul requested that the marital property be divided so that each of them
received everything in their possession. He also stated that a house fire
destroyed most of their possessions, noting that “[w]e didn’t have any
belongings hardly.” Finally, he stated what he had presented to the trial court
was “fair and equitable.” Paul did not define the assets of the community
estate, nor did he describe them with any particularity. See Wilson,
132 S.W.3d at 538. He also failed to describe the parties’ possessions not
destroyed by the house fire, and the record does not reflect any specifics
regarding the nature or value of the property or debts. See Vazquez,
292 S.W.3d at 85. Moreover, the final decree of divorce does not correspond
with Paul’s testimony. The decree refers to specific assets awarded to each
party, including shop tools, two small four wheelers, a sole proprietorship,
and a motor vehicle, that were never described or valued for division during
Paul’s testimony. See Wilson, 132 S.W.3d at 538. 

Because
Paul did not present sufficient evidence at the prove-up hearing to support the
division of the community estate, the trial court abused its discretion in
ordering a division of the estate of the parties in the final decree of
divorce. See Tex. Fam. Code Ann.
§ 7.001; Stoner, 578 S.W.2d at 682; Vazquez,
292 S.W.3d at 85; Wilson, 132 S.W.3d at 538. Accordingly, we
sustain Amanda’s sixth issue.

 

Child Support, Medical Support, and Travel
expenses

            In
her second issue, Amanda argues that there is no evidence to support the award
of child support in the final decree of divorce. In her third issue, Amanda
contends that there is no evidence to support the trial court’s order that
Amanda, as the child support obligee, provide medical support for the children.
In her fifth issue, Amanda argues that there is no more than a “scintilla” of
evidence to support the allocation of travel expenses. 

We
have determined that there is insufficient evidence to support the division of
the community estate.  The child support determination, including the medical
support obligation and allocation of travel expenses, may be “materially
influenced” by the property division. See Vazquez, 292 S.W.3d at
86; In re S.C.S., 201 S.W.3d 882, 888 (Tex. App.—Eastland 2006,
no pet.), overruled on other grounds, Iliff v. Iliff, No.
09-0753, 2011 WL 1446725, at *6 (Tex. April 15, 2011); Wilson, 132 S.W.3d at 539; Tex. Fam. Code Ann. § 154.123 (b)(14)
(Vernon 2008) (stating that one factor courts shall consider when applying
child support guidelines is cost of travel in order to exercise possession of
and access to child). Moreover, even though the trial court is required to
calculate an obligor’s net resources when determining child support liability,
the record is devoid of evidence concerning Paul’s employment, wages, salary,
or income. See Tex. Fam. Code
Ann. § 154.062 (Vernon Supp. 2010) (stating that court “shall
calculate net resources for the purpose of determining child support
liability”); Miles v. Peacock, 229 S.W.3d 384, 390 (Tex.
App.—Houston [1st Dist.] 2007, no pet.).   Therefore, there is no evidence to
support the trial court’s child support determination, including the medical
support and allocation of travel expenses.

We
sustain Amanda’s second, third, and fifth issues.

 

 

 

Geographic Restriction

            In
her fourth issue, Amanda contends that there is insufficient evidence to
support the imposition of a geographic restriction on her right to designate the
primary residence of the children. 

            The
best interest of the child is the primary consideration in determining
conservatorship or residency of a minor child. Villasenor v. Villasenor,
911 S.W.2d 411, 419 (Tex. App.–San Antonio 1995, no writ). In determining the
best interest of the child, a number of factors have been considered, including
(1) the desires of the child; (2) the emotional and physical needs of the child
now and in the future; (3) the emotional and physical danger to the child now
and in the future; (4) the parental abilities of the individuals seeking
custody; (5) the programs available to assist these individuals; (6) the plans
for the child by these individuals; (7) the stability of the home; (8) the acts
or omissions of the parent that may indicate the existing parent-child
relationship is not a proper one; and (9) any excuse for the acts or omissions
of the parent.  Holley v. Adams, 544 S.W.2d 367, 371-72 (Tex.
1976); see also Vasquez, 292 S.W.3d at 85.

As
previously noted, Paul, as counterpetitioner, must present evidence to support
the material allegations in his petition. Stoner, 578 S.W.2d at
682; Vazquez, 292 S.W.3d at 83-84; Wilson, 132
S.W.3d at 538. In his counterpetition for divorce, Paul requested that he be
designated the conservator who has the exclusive right to designate the primary
residence of the children. Further, he requested that Amanda return the
children to the jurisdiction of the court pursuant to Smith County’s standing
temporary restraining order that became effective when Amanda filed her
original petition for divorce. The standing temporary restraining order
attached to Amanda’s original petition restrained both parties from removing
the minor children to a location beyond the jurisdiction of the court unless authorized
by the court. At the prove-up hearing, Paul acknowledged that Amanda moved the
children to Florida. He did not request that the trial court impose a
geographic restriction on Amanda’s right to designate the primary residence of
the children. The final decree of divorce, however, does not correspond with
Paul’s testimony, and orders that Amanda be given the exclusive right to
designate the primary residence of the children, but only within Smith County,
Texas. See Wilson, 132 S.W.3d at 538. Further, Paul merely
acknowledged in his testimony that Amanda moved the children to Florida. This
statement, alone, provides no evidence from which the trial court could
determine the best interests of the children regarding a geographic
restriction. See Holley, 544 S.W.2d at371-72; Vazquez,
292 S.W.3d at 85. 

Because
Paul did not present sufficient evidence at the prove-up hearing to support a
geographic restriction on Amanda’s right to designate the primary residence of
the children, the trial court abused its discretion in ordering the
restriction. See Vazquez, 292 S.W.3d at 85; Wilson,
132 S.W.3d at 538. According, we sustain Amanda’s sixth issue.

 

Conclusion

Having
sustained Amanda=s
second, third, fourth, fifth, and sixth issues, we reverse the
portions of the final decree of divorce dividing the marital estate,
determining the child support liability, including the medical support
obligation and allocation of travel expenses, and imposing a geographic
restriction on Amanda’s right to designate the children’s primary residence.
Accordingly, we remand for further proceedings consistent with
this opinion. In all other respects, the trial court=s judgment is affirmed.

 

                                                                                                Brian Hoyle

                                                                                                      
Justice

 

 

 

Opinion delivered May 31, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)









[1] Paul E. Chamberlain, Appellee,
did not file a brief.





[2] The reporter’s record of the
hearing contains nine pages. At least three of those pages pertain to issues unrelated
to this appeal.