

# NUMBER 13-10-00332-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN THE INTEREST OF C.A.C., A CHILD

---

### On appeal from the County Court at Law Number 5
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Garza**

By two issues, appellant, the Office of the Attorney General (OAG), challenges the trial court's denial of its motion for new trial. Specifically, the OAG contends it is entitled to a new trial: (1) because it did not receive notice of the February 2, 2010 hearing that led to a default judgment; and (2) even if it had constructive notice of the February 2, 2010 hearing, it is entitled to a new trial under the factors set out in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (1939). We affirm.

## I. BACKGROUND

Appellees, Cesar Cardenas and Laura Garza, divorced in 2008.[1]  Pursuant to the decree, Cardenas was ordered to pay:  (1) child support in the amount of $800 per month; (2) spousal support in the amount of $250 per month[2]; and (3) "$932.00 as medical support."  In 2009, Cardenas filed a petition to modify possession of the couple's minor child, C.A.C., and child support.  Garza filed a counter-petition to modify and a motion to enforce spousal maintenance.

On January 5, 2010, the trial court signed an order setting final hearing on Cardenas's request for January 28, 2010 in County Court at Law No. 5 in Hidalgo County, Texas.  The OAG received notice of this setting.  On January 12, 2010, the OAG filed an answer and motion to confirm support arrearage, a notice of appearance, and a request, pursuant to section 201.101 of the family code, to refer the case to the Title IV-D Child Support Associate Judge's docket.[3]  The OAG's pleading alleged that Cardenas owed a child support arrearage in the amount of $3,204 and a medical support arrearage in the amount of $14,343.48.  On January 14, 2010, the trial court

---

[1] We note that appellees filed no brief to assist us in the disposition of this case.  Accordingly, we decide this appeal based on the brief filed by appellant and the record before us.

[2] The decree ordered Cardenas to pay spousal support in the amount of $250 per month "until the home [was] sold."  After the home was sold, the amount of spousal support increased to $1,100.  However, all sums were to be "subtracted from the total amount of $20,000.00."

[3] Title IV-D of the Social Security Act requires states to provide services relating to the enforcement of child support obligations for children who receive government assistance payments and for other children whose guardians request the services.  See 42 U.S.C. § 654(4) (2009).  In Texas, the OAG is designated to provide the Title IV-D services.  See TEX. FAM. CODE ANN. § 231.001 (West 2008).  The OAG is entitled to collect and distribute child support payments and enforce child support orders.  Id. § 231.101(a)(5)–(6).  When the OAG provides Title IV-D services, it becomes entitled to an assignment of support rights.  Id. § 231.104.  Likewise, any arrearage amount belongs to the OAG by virtue of the assignment.  See In re A.B., 267 S.W.3d 564, 565 (Tex. App.—Dallas 2008, no pet.); In re M.E.G., 48 S.W.3d 204, 208 (Tex. App.—Corpus Christi 2000, no pet.) (noting that OAG held an interest in child support arrearage because family code authorizes OAG to collect and distribute child support payments).  It is unclear from the record before us whether this law is applicable in the present case.

signed an order referring the case to the Title IV-D Associate Judge.

On January 28, 2010, counsel for Cardenas and Garza appeared, but the OAG did not appear.[4] The case was reset in open court. On February 2, 2010, counsel for Cardenas and Garza appeared and advised the court that they had reached an agreement. The OAG was not present, and Cardenas's counsel advised the court:

> Judge, at the last hearing last week[,] there was an order setting hearing. We notified the Attorney General's office of the matter. The Attorney General's office did not show up. My office contacted the Attorney General's office by phone to advise them of the reset date. And Judge, they are still—they are not here and they are a party to this case. But we gave them notice of it. Last week[,] they had notice by the Court, and this week we did call them to be here. They are not here, Judge.

Cardenas's counsel read the following agreement into the record: (1) Cardenas owed Garza $15,000.00, to be paid by October 1, 2010; (2) Cardenas owed child support in the amount of $800.00, to be paid in ninety days, and child support remained in the amount of $800.00 per month; (3) Cardenas agreed to obtain health insurance for the child within 45 days; and (4) there was no money owed for medical support.[5] The trial court approved the agreement as read into the record.

On March 1, 2010, the associate judge signed an order setting hearing on April 6, 2010 in Master's Court #2. On March 5, 2010, Cardenas's counsel filed a motion to enter order in County Court at Law No. 5 (the trial court), requesting entry of an order because the matter had been "finalized." On March 8, 2010, the trial court signed an

---

[4] At the hearing on the OAG's motion for new trial, counsel for the OAG advised the court that it was aware of the January 28th setting, but after contacting the referring court's staff, was advised that no hearing would be held because the order referring the case to the associate judge had been signed. In its brief, the OAG notes that it requested that a transcript of the January 28, 2010 hearing be included in the reporter's record, and if no record of the hearing was made, that the court reporter so certify. However, the record contains neither a transcript of the January 28th hearing nor a certification from the court reporter stating that no record was made.

[5] Cardenas's counsel explained that, "[t]he Attorney General's office had a medical support judgment, but the parties have agreed there is no medical support judgment at this time. There is no money owed to the State, Judge, so the medical support judgment is zero."

3

order setting hearing on Cardenas's motion to enter order on April 12, 2010. However, four days later, on March 12, 2010, the trial court signed the Order in Suit to Modify Parent-Child Relationship that reflects the agreement read into the record at the February 2 hearing.

On April 1, 2010, the OAG filed an unsworn motion for new trial, which stated, in its entirety, as follows:

> The Attorney General brings this Motion for New Trial, in the interests of justice, who shows in support:
>
> 1. On March 12, 2010, a judgment was signed by the Court in this case.
>
> 2. The local office of the Attorney General did not receive notice of the hearing and was not present for said hearing. (See attached Exhibit C).
>
>    The custodial parent, Laura Y. Garza has had an active, open case with the Attorney General since October 23, 2009 and all parties were placed on Notice that the Attorney General was a necessary party to any support actions in this matter effective December 7, 2009.
>
> 3. The presiding judge of County Court at Law #5 referred CESAR G. CARDENAS'[S] Petition to Modify Parent-Child Relationship, and the Attorney General's Motion to Confirm Support Arrearage by the Order Referring Cause to Title IV-D Associate Judge signed on January 14, 2010. Master Court #2 has case set for hearing on said actions April 6, 2010. (See attached Exhibits A and B)[.]
>
> 3. [sic] The Attorney General has a meritorious defense to the cause of action alleged in this case.
>
> 4. The granting of a new trial would not injure CESAR G[.] CARDENAS or LAURA Y[.] GARZA.
>
> 5. Justice will not be properly served unless a new trial is granted.
>
> 6. The Court should grant a new trial.
>
> PRAYER

4

The Attorney General prays that the Court grant all relief requested herein.
The Attorney General prays for general relief.

Attached to the OAG's motion were three exhibits: (1) Exhibit "A," the January 14, 2010 order referring the case to the associate judge; (2) Exhibit "B," the March 1, 2010 order setting hearing on April 6, 2010 in Master Court #2; and (3) Exhibit "C," a two-page printout of the docket sheet as shown on the court's "I-docket."

At the new trial hearing on May 20, 2010, the OAG's counsel argued that it did not have notice of the February 2, 2010 hearing and that the order referring the case to the associate judge was signed prior to that date. OAG's counsel also explained that the referring court's staff had advised that no hearing was scheduled for January 28, 2010, because the case had been referred to the associate judge. Cardenas's counsel argued that the OAG received notice of the January 28, 2010 setting, at which the case was reset. Cardenas's counsel also argued:

> But we basically got an agreement read into the Court's record. And now the State wants us to do it—says we didn't get notice. "Yeah, you got notice of initial hearing but you failed to show up." We believe we don't have to give any further notice when they initially had the hearing and failed to show.
>
> What they want us to do now is open the hearing all up again, all very sensitive, conservatorships to access, dealing with medical support, dealing with child support, dealing with credit. It was a very heated argument between [Garza's counsel] and myself. But we basically reached an agreement that the parties could live with and the Court basically accepted. Now what the State wants to do is reopen the whole thing again.

The OAG's counsel asserted that "money is owed to the State on this case." The trial court denied the OAG's motion for new trial. This appeal followed.

5

## II. STANDARD OF REVIEW AND APPLICABLE LAW

In its first issue, the OAG contends it is entitled to a new trial because it did not receive notice of the February 2, 2010 hearing that led to a default judgment.

We review a trial court's refusal to grant a motion for new trial for abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009); *Coastal Banc SSB v. Helle*, 48 S.W.3d 796, 800 (Tex. App.—Corpus Christi 2001, pet. denied). In a case involving a default judgment, a trial court abuses its discretion by not granting a new trial when all three elements of the test set forth in *Craddock v. Sunshine Bus Lines, Inc.* test are met. *See Craddock*, 133 S.W.2d at 126; *Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994); *Bank One, Tex., N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex. 1992). Under *Craddock*, a trial court should set aside a default judgment and order a new trial in any case in which: (1) the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to mistake or accident; (2) the motion for new trial sets up a meritorious defense; and (3) it is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Craddock*, 133 S.W.2d at 126. The *Craddock* principles apply in post-answer default judgment cases. *Cliff v. Huggins*, 724 S.W 2d 778, 778-79 (Tex. 1987); *see also Norimex Int'l Metals, Inc. v. Salinas*, No. 13-09-00074-CV, 2010 Tex. App. LEXIS 3396, at *6 (Tex. App.—Corpus Christi May 6, 2010, pet. denied) (mem. op.).

In a post-answer default judgment, where the defaulting party has established the first element—i.e., absence of intent or conscious indifference in failing to appear at trial—by proof that it was not given notice of the default judgment hearing, it need not prove the second and third *Craddock* elements—i.e., a meritorious defense and

6

absence of delay or undue prejudice. *See Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005) (per curiam) (citing *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988); *In re Marriage of Runberg*, 159 S.W.3d 194, 200 (Tex. App.—Amarillo 2005, no pet.); *In re Marriage of Parker*, 20 S.W.3d 812, 817–18 (Tex. App.—Texarkana 2000, no pet.)) (other citations omitted); *see also Norimex*, 2010 Tex. App. LEXIS 3396, at *6–7. A post-answer default judgment is valid only if the defaulting party received notice of the trial setting at which judgment was rendered. *In re $ 475,001.16*, 96 S.W.3d 625, 627 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (holding that once a defendant has made an appearance in a case, it is entitled to notice of the trial setting or other dispositive hearing as a matter of due process); *Matsushita Elec. Corp. of Am. v. McAllen Copy Data, Inc.*, 815 S.W.2d 850, 853 (Tex. App.—Corpus Christi 1991, writ denied) (same). Where the record establishes that a defaulting party had no actual notice of the default judgment hearing, the default judgment cannot be sustained. *Helle*, 48 S.W.3d at 801.

A motion for new trial must be verified and include affidavits if the motion is based on grounds requiring the trial court to hear evidence such as jury misconduct, newly discovered evidence, or failure to set aside a judgment by default. *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966) ("The motion must allege *facts* which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense."); *Zuniga v. Zuniga*, 13 S.W.3d 798, 803 n.4 (Tex. App.—San Antonio 1999, no pet.), *overruled on other grounds*, *In re Z.L.T.*, 124 S.W.3d 163 (Tex. 2003); *Wiseman v. Levinthal*, 821 S.W.2d 439, 442 (Tex. App.—Houston [1st Dist.] 1991, no writ) (holding a motion for new trial to set aside a default judgment must be supported by affidavits or other competent evidence); *see also Perez v. Comm'n for*

7

*Lawyer Discipline*, No. 13-06-306-CV, 2008 Tex. App. LEXIS 4505, at *7 (Tex. App.—Corpus Christi June 19, 2008, no pet.) (mem. op.) (quoting *Ivy*, 407 S.W.2d at 214).

The trial court serves as fact-finder at a hearing on a motion for new trial and, accordingly, is the sole judge of the credibility of a witness. *See Harmon Truck Lines, Inc. v. Steele*, 836 S.W.2d 262, 265 (Tex. App.—Texarkana 1992, writ dism'd); *Jackson v. Mares*, 802 S.W.2d 48, 51 (Tex. App.—Corpus Christi 1990, writ denied); *see also Allen v. Allen*, No. 13-09-704-CV, 2011 Tex. App. LEXIS 1807, at *8–9 (Tex. App.—Corpus Christi March 10, 2011, no pet.) (mem. op.).

### III. DISCUSSION

#### A. Notice

The only issue before us is whether the OAG established the first *Craddock* element by proof that it was not given notice of the February 2, 2010 hearing. *See Mathis*, 166 S.W.3d at 744.

The OAG's motion for new trial asserts that it "did not receive notice of the [February 2, 2010] hearing and was not present for said hearing." This allegation is neither verified nor supported by an affidavit. The OAG's assertion that it did not receive notice refers to "Exhibit C," a copy of the court's "I-docket," which shows the following entries: (1) on January 28, 2010: "CASE CALLED[;] FILE RETURNED TO CLERK."; and (2) on February 2, 2010: "CASE CALLED[;] BOTH SIDES APPEAR WITH ATT'S[;] AGREEMENT READ INTO RECORD."[6] No further explanation is provided.

---

[6] At the motion for new trial hearing, the OAG's counsel noted that there was no "actual hearing being scheduled on February 2nd, 2010" and that it "even checked I-docket to confirm there was no hearing on January 28th."

8

The OAG's allegation in its motion that it did not receive notice of the February 2, 2010 hearing was neither verified nor supported by an affidavit; therefore, it provides no competent evidence of that fact. *See Wiseman*, 821 S.W.2d at 442 ("The defendant's allegation in his motion for new trial, that his failure to answer was not due to conscious indifference, was neither verified not supported by an affidavit; thus, it provides no competent evidence of that fact.") (citing *Ivy*, 407 S.W.2d at 214); *see also Mathis*, 166 S.W.3d at 744–46 (holding evidence sufficient to establish first *Craddock* element where defendant's *sworn* motion for new trial asserted that she failed to appear at trial because she did not receive notice of the setting); *Henderson v. Henderson*, No. 03-10-00531-CV, 2011 Tex. App. LEXIS 5457, at *11 (Tex. App.—Austin July 13, 2011, no pet. h.) (mem. op.) (holding that without supporting evidence, allegation in motion for new trial failed to establish lack of notice); *Chamberlain v. Chamberlain*, No. 12-09-00187-CV, 2011 Tex. App. LEXIS 4124, at *7–8 (Tex. App.—Tyler May 31, 2011, no pet.) (mem. op.) (holding that counter-defendant's allegation in motion for new trial that failure to appear at hearing was because of failure to receive notice was not competent evidence of first *Craddock* element where allegation was neither verified nor supported by affidavit); *In re E.P.C.*, No. 02-10-00050-CV, 2010 Tex. App. LEXIS 10122, at *5 (Tex. App.—Fort Worth Dec. 23, 2010, no pet.) (mem. op.) (holding defaulting party failed to meet burden under *Craddock* where motion for new trial was not supported by sworn affidavits or other evidence); *In re S.G.*, No. 09-09-00284-CV, 2010 Tex. App. LEXIS 4757, at *7–9 (Tex. App.—Beaumont June 24, 2010, no pet.) (mem. op.) (holding defaulting party's post-trial motions unsupported by competent evidence where motions were unsworn and unaccompanied by affidavit or other evidence); *Suarez v. Suarez*, No. 13-04-108-CV, 2006 Tex. App. LEXIS 3761, at *3–4 (Tex. App.—Corpus

9

Christi May 4, 2006, no pet.) (mem. op.) ("Alfredo's allegations in his motion for new trial regarding his failure to appear were neither verified nor supported by an affidavit or any other evidence. Thus, his contentions cannot be considered competent evidence presented in satisfaction of the *Craddock* elements."); *Hoover v. Hooker*, No. 05-00-00268-CV, 2002 Tex. App. LEXIS 4933, at *12 (Tex. App.—Dallas July 9, 2002, no pet.) ("Hoover's allegation in his motion for new trial, that he failed to appear due only to his belief the automatic stay applied to the claims against him, was neither verified nor supported by an affidavit; thus it provides no competent evidence that Hoover's failure to appear was not intentional or the result of conscious indifference.") (citing *Evans*, 889 S.W.2d at 268). Here, the evidence attached to the OAG's motion for new trial established only that: (1) the docket sheet did not reflect that a hearing was held on January 28, 2010; and (2) the case had been referred to Master Court #2 and set for hearing. We conclude that the OAG's motion for new trial was not supported by competent evidence and that the OAG did not meet its burden to establish the first *Craddock* element. *See Wiseman*, 821 S.W.2d at 442.

The OAG asserts that at the motion for new trial hearing, its counsel "testified" that the OAG did not receive notice of the February 2 hearing. The OAG recognizes that counsel's statements were not made under oath, but argues that counsel's unsworn statements should nonetheless be considered as evidence because neither appellee objected. *See Mathis*, 166 S.W.3d at 744–45; *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997). We are unpersuaded that we must consider the OAG's arguments at the hearing as "evidence."

In *Mathis*, the supreme court noted that although the defaulting party and plaintiff's counsel were not under oath, "the oath requirement was waived when neither

raised any objection in circumstances that clearly indicated each was tendering evidence on the record based on personal knowledge on the sole contested issue [whether the defaulting party received notice]." *Mathis*, 166 S.W.3d at 745.[7]  We do not find that the OAG's arguments at the motion for new trial hearing "clearly indicated" that she was "tendering evidence on the record based on personal knowledge on the sole contested issue." *See id.*  Moreover, we note that in *Mathis*, the defendant had filed a *sworn* motion for new trial, stating that she did not appear at trial because she did not receive notice of the trial setting. *See id.* at 744.  As noted, no such sworn motion was filed here.  We conclude the OAG's statements at the motion for new trial hearing were "argument in support of [its] motion," not testimony.  *See Hoover*, 2002 Tex. App. LEXIS 4933, at *12, 13 n.5 ("[W]e find nothing in the record that would have put appellees on notice Hoover was testifying to the facts, rather than simply arguing his motion.") (citing *In re Wallingford*, 64 S.W.3d 22, 25 (Tex. App.—Austin 1999, orig. proceeding) (per curiam) (noting the record did not contain statements, such as attorney was testifying or was speaking as an officer of the court, that supreme court has held signal opponent of testimony that an objection is necessary)).

We hold that the OAG did not meet its burden to establish the first *Craddock* element.  The trial court, therefore, did not abuse its discretion in overruling the OAG's motion for new trial.  *See Dolgencorp*, 288 S.W.3d at 926.  We overrule the OAG's first issue.

## B.  Constructive Notice

---

[7] At a hearing following a post-answer default judgment, the defendant (Mathis) testified that she did not receive notice of the trial.  *See Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005).  The plaintiff's counsel testified that notice was sent to Mathis's last known address and to her former attorney. *See id.*

By its second issue, the OAG argues that even if we conclude that it had constructive notice of the February 2 hearing—resulting from its notice of the January 28 hearing—it nonetheless established the first *Craddock* element regarding its failure to appear at the January 28 hearing. The OAG relies on its argument to the trial court at the motion for new trial hearing that it contacted the referring court's staff and was told that no hearing would occur on January 28 because the referral order had been signed. Thus, according to the OAG, the "order of referral alone should excuse the OAG's failure to appear on January 28."

We have held that the OAG's allegation in its motion for new trial was neither verified nor supported by an affidavit, and thus, provided no competent evidence of the allegation. *See Wiseman*, 821 S.W.2d at 442. Our holding does not rely on a determination that the OAG had constructive notice of the February 2 hearing due to its notice of the January 28 hearing. Therefore, we need not address the OAG's second issue. *See* TEX. R. APP. P. 47.1.

## IV. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
18th day of August, 2011.

12