**Amadeo VAZQUEZ, Appellant,**

v.

**Maria VAZQUEZ, Appellee.**

No. 14-05-01257-CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 19, 2007.

---

Anna E Stool, Kay Whyburn, Houston, for appellant.

James R. Hedlesten, Houston, Kelly McClendon, Angleton, for appellee.

Panel consists of Justices FROST, SEYMORE, and GUZMAN.

## OPINION

CHARLES W. SEYMORE, Justice.

In this restricted appeal, appellant, Amadeo Vazquez ("Amadeo"), appeals from a default divorce decree dissolving his marriage to appellee, Maria Vazquez ("Maria"). In seven issues, Amadeo contends he is entitled to review by a restricted appeal and that the evidence is insufficient to support (1) dissolution of the marriage on the ground of cruelty, (2) the conservatorship rights granted to Maria, (3) the reasonableness of Amadeo's monthly obligation or his additional obligations of medical support for the children and maintenance of a life insurance policy, (4) the property division as just and right, (5) the assessment of Maria's attorney's fees against Amadeo, and (6) any relief based on the purported agreement of the parties. We reverse and remand in part and affirm in part.

## I. BACKGROUND

On September 13, 2004, Maria filed her divorce petition. She filed her first amended petition on February 4, 2005. Amadeo was personally served on April 16, 2005. Amadeo did not file an answer. Amadeo was not present when a hearing was conducted on August 30, 2005. The trial court entered a default divorce decree. Amadeo filed a notice of restricted appeal on December 19, 2005.

## II. NOTICE OF APPEAL

As an initial matter, Maria contends Amadeo limited his appeal to challenging the assessment of child support and division of marital property because he specifically mentioned these two issues in his notice of appeal. Consequently, Maria contends Amadeo waived his complaints in issues two, three, six, and seven pertaining to dissolution on ground of cruelty, conservatorship rights, attorney's fees, and relief based on agreement of the parties. We disagree.

The contents of a general notice of appeal and additional requirements particular to a restricted appeal are prescribed by Texas Rule of Appellate Procedure 25.1(d). An appellant is not required to specify issues in a general notice of appeal or notice of restricted appeal. See TEX.R.APP. P. 25.1(d). Therefore, Amadeo has not limited his issues on appeal by gratuitously listing only some of those issues in his notice of appeal. See *Gunnerman v. Basic Capital Mgmt., Inc.*, 106 S.W.3d 821, 824—25 (Tex.App.-Dallas 2003, pet. denied) (citing Rule 25.1 and holding party did not waive its right to complain on appeal regarding issue not included in notice of

appeal); *see also Wright v. Tex. Comm'n on Human Rights*, No. 03–03–00710–CV, 2005 WL 1787428, at *2 (Tex.App.-Austin July 27, 2005, pet. denied) (mem.op.) (explaining that Rule 25.1 does not limit the issues an appellant may raise). Accordingly, we address all of Amadeo's issues.

## III. RIGHT TO RESTRICTED APPEAL

▮ In his first issue, Amadeo contends that he meets the requirements for a restricted appeal. A restricted appeal is a procedural device available to a party who did not participate, either in person or through counsel, in a proceeding that resulted in a judgment against the party. TEX.R.APP. P. 30. A restricted appeal it is a direct attack on a default judgment. A party filing a restricted appeal must demonstrate the following: (1) initiation of an appeal within six months after the judgment was rendered; (2) the appellant was a party to the suit; (3) the appellant did not participate in the hearing that resulted in the judgment complained of; (4) the appellant did not timely file a post-judgment motion, request for findings of fact and conclusions of law, or file a notice of appeal within the time permitted by Rule 26.1(c) of the Texas Rules of Appellate Procedure; and (5) error appears on the face of the record. *See* TEX.R.APP. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex.2004). For purposes of a restricted appeal, the face of the record consists of all the papers on file in the appeal, including the reporter's record. *See Osteen v. Osteen*, 38 S.W.3d 809, 813 (Tex.App.-Houston [14th Dist.] 2001, no pet.) (citing *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997)). Before we can consider the fifth element in the remaining issues, we must determine whether the first four elements apply to this appeal.

The default divorce decree was signed by the trial court on August 30, 2005. Amadeo filed a notice of appeal on December 19, 2005, within six months after the judgment was rendered. *See* TEX.R.APP. P. 26.1(c). Obviously, Amadeo was a named party to the suit. Neither Amadeo nor his lawyer were present during the hearing. Amadeo did not file a post-judgment motion, request for proposed findings of fact and conclusions of law, or file a notice of appeal from the divorce decree signed by the judge within thirty days of its entry. *See* TEX.R.APP. P. 30. Accordingly, we find Amadeo satisfies the first four requirements of a restricted appeal.

## IV. INSUFFICIENT EVIDENCE

In his second, third, fourth, fifth, sixth, and seventh issues, Amadeo argues that he satisfies the fifth requirement for a restricted appeal, i.e., error appears on the face of the record, because there is no evidence to support the relief granted in the divorce decree.

### A. Standard of Review

In reviewing a no-evidence point of error, we consider only the evidence and inferences tending to support the trial court's finding and disregard all contrary evidence and inferences; anything more than a scintilla of evidence is legally sufficient to support the finding. *See Wal–Mart Stores, Inc. v. Miller*, 102 S.W.3d 706, 709 (Tex.2003); *Barry v. Barry*, 193 S.W.3d 72, 75 (Tex.App.-Houston [1st Dist.] 2006 no pet.) (applying standard to a restricted appeal from a default divorce decree).

▮ In a suit for divorce, the petition may not be taken as confessed if the respondent does not file an answer. TEX. FAM.CODE ANN. § 6.701 (Vernon 1998). Thus, if a respondent in a divorce case fails to answer or appear, the petitioner must

still present evidence to support the material allegations in the petition. *See Agraz v. Carnley,* 143 S.W.3d 547, 552 (Tex.App.-Dallas 2004, no pet.) (citing *O'Neal v. O'Neal,* 69 S.W.3d 347, 349 (Tex.App.-Eastland 2002, no pet.); *Ratisseau v. Ratisseau,* 44 S.W.3d 695, 697 (Tex.App.-Houston [14th Dist.] 2001, pet. dism'd by agr.); *Osteen,* 38 S.W.3d at 814). Therefore, a default judgment of divorce is subject to an evidentiary attack on appeal. *See id.* Accordingly, Maria was obligated to present evidence at trial supporting the material allegations in her petition.

## B. Dissolution of Marriage on Ground of Cruelty

■ In his second issue, Amadeo contends the evidence is insufficient to support dissolution of marriage on the ground of cruelty.[1] As Amadeo correctly asserts, Maria presented no evidence at the divorce hearing regarding any acts of cruelty to support the trial court's finding that the marriage should be dissolved on the basis of cruelty.

Maria argues that the record contained evidence of cruelty because the trial court had a record of prior proceedings, including her previous application for a protective order. In her affidavit attached to the application, Maria stated that Amadeo had pulled her out of her vehicle by her hair and forced her to the ground in the presence of their children. Maria argues that evidence of family violence occurring during the parties' separation is sufficient to support a finding of cruelty. *See In re Marriage of Rice,* 96 S.W.3d 642, 649 (Tex. App.-Texarkana 2003, no pet.); *Henry v. Henry,* 48 S.W.3d 468, 474 (Tex.App.-Houston [14th Dist.] 2001, no pet.). However, Maria cites no authority holding that

a party may rely on an affidavit attached to a pretrial motion to satisfy its burden to present evidence at the hearing. *Cf. Rice,* 96 S.W.3d at 649–50 (holding the trial court did not abuse its discretion in finding cruelty based on testimony at trial regarding physical abuse after separation); *Henry,* 48 S.W.3d at 474 (holding the trial court did not abuse its discretion in finding cruelty based on testimony at trial evidencing cruel treatment). Accordingly, we sustain Amadeo's second issue.

## C. Conservatorship Rights

■ In his third issue, Amadeo contends there is no evidence to support the conservatorship rights granted to Maria. Specifically, Amadeo complains that under the court's order, Maria may establish the primary residence of the children without geographical restriction, and Maria has the exclusive right to obtain passports for the children. Amadeo argues Maria presented no evidence to the trial court regarding the extent of his contact and relationship with the children to support these rights.

In response, Maria contends the record supports her conservatorship rights based on her testimony that the terms and conditions of the decree were in the best interest of the children. She also notes that the trial court must designate a conservator who has the exclusive right to determine the primary residence of the children and to either establish a geographic limitation or specify the conservator who can determine residency without geographic limitation. *See* TEX. FAM.CODE ANN. § 153.134(b)(1)(A),(B) (Vernon Supp.2006). She argues that the record supports the decision based on the "family violence findings" in the temporary ex-parte protective order previously issued by the trial court.

---

1. The trial court also dissolved the marriage on the ground of insupportability. Amadeo does not contest this ground.

In determining conservatorship issues, the trial court primarily considers the best interest of the child. TEX. FAM. CODE ANN. § 153.002 (Vernon 2002). The trial court has wide latitude in determining best interests of the minor children. *See Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex.1982). Factors which may be considered in deciding what is in the best interest of the children include: (1) desires of the children, (2) emotional and physical needs of the children now and in the future, (3) emotional and physical danger to the children now and in the future, (4) parental abilities of the individuals involved, (5) programs available to those individuals to promote the best interest of the children, (6) plans for the children by these individuals, (7) stability of the home, (8) acts or omissions of the parent which may indicate that the existing parent-child relationship is not proper, and (9) any excuse for the acts or omission of the parent. *See Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex.1976).

Here, there is no evidence regarding any of these factors or any other evidence from which the trial court could determine the best interests of the children. Maria's testimony was limited to the fact that she had signed the final decree and thought the conservatorship was in the best interests of the children. These statements alone are conclusory and do not rise to the level of competent evidence the trial court could use to determine the best interests of the children. *See In re T.W.E.*, 217 S.W.3d 557, 560 (Tex.App.-San Antonio 2006, no pet.) (finding father's "mere agreement" that he saw no problem with his serving as a joint managing conservator as "too conclusory to amount to any evidence"). Moreover, Maria cites no authority holding that a party may rely on findings of fact in a temporary order to satisfy the burden to present evidence at a hearing. Accordingly, we find the evidence is insufficient to support the trial court's determination of the specific rights of each parent as a joint managing conservator. Appellant's third issue is sustained.

## D. Property Division

We next address Amadeo's fifth issue. Amadeo contends the evidence is insufficient to support a just and right property division of the marital estate. Specifically, Amadeo contends Maria merely testified that the division of marital property she requested in her proposed divorce decree was just and equitable without providing any explanation or reasoning for the proposed division. Maria concedes that there is insufficient evidence to support the property division as just and right.

Maria's testimony was limited to the mere fact that she had signed the final decree concerning the division of marital property, and she thought it was fair and equitable. She did not testify regarding the basis for her opinion that the proposed division was just and right, and the record does not reflect any specifics regarding the nature or value of the property or debts. Therefore, Maria's testimony is insufficient. *See Barry*, 193 S.W.3d at 75 (finding testimony insufficient where appellee only testified that she requested the division of property as it was given, without testifying how it was a just and right division); *Wilson v. Wilson*, 132 S.W.3d 533, 538 (Tex.App.-Houston [1st Dist.] 2004, no pet.) (holding that "given the dearth of evidence identifying, describing, and valuing the community estate ... there is insufficient evidence to support the division of the community estate"); *O'Neal*, 69 S.W.3d at 350 (reversing default judgment in restricted appeal because record contained no evidence as to value of any property divided by trial court, no evidence of any improvements to

land, and no evidence as to whether land was separate or community property). Accordingly, we sustain Amadeo's fifth issue.

### E. Child Support, Health Insurance, and Life Insurance Policy

We next address Amadeo's fourth issue. Amadeo contends the evidence is insufficient to support the amount of his monthly child support obligation, or the requirement that he maintain health insurance for the children and a life insurance policy with Maria as the beneficiary. Maria concedes the trial court erred by determining the child support payments without sufficient evidence.

We need not consider Amadeo's challenge to the sufficiency of the evidence because based on our holding that insufficient evidence supports the division of the marital estate, we remand the child support determination, including the health insurance and life insurance obligations, to the trial court because such a claim may be "materially influenced" by the property division. *See Wilson,* 132 S.W.3d at 539 (remanding child support determination and property division in a restricted appeal because child support determination can be "materially influenced" by the property division). Accordingly, we sustain Amadeo's fourth issue.

### F. Attorney's Fees

In his sixth issue, Amadeo contends the evidence is insufficient to support assessment of Maria's attorney's fees against him. Maria concedes there is insufficient evidence to support the assessment of attorney's fees.

A court may apportion attorney's fees in a suit affecting the parent-child relationship. *See* Tex. Fam.Code Ann. § 106.002 (Vernon 2002). A court may also apportion attorney's fees in a divorce action as part of a just and right division of property. *See Sandone v. Miller–Sandone,* 116 S.W.3d 204, 207 (Tex.App.-El Paso 2003, no pet.); *Henry,* 48 S.W.3d at 480. The reasonableness of the fee is a question of fact that must be supported by evidence. *See Sandone,* 116 S.W.3d at 208 (citing *Ismail v. Ismail,* 702 S.W.2d 216, 223 (Tex.App.-Houston [1st Dist.] 1985, writ ref'd n.r.e.); *Reyna v. Reyna,* 584 S.W.2d 926, 927 (Tex.Civ.App.-Houston [14th Dist.] 1979, no writ)). A judgment awarding attorney's fees may be supported solely by the attorney's testimony. *See Peeples v. Peeples,* 562 S.W.2d 503, 506 (Tex.Civ.App.-San Antonio 1978, no writ) (citing *Boysen v. Security Lumber Co.,* 531 S.W.2d 454, 457 (Tex.Civ.App.-Houston [14th Dist.] 1975, no writ)).

Here, there was no testimony by Maria or her attorney regarding the amount of attorney's fees, the hours spent by her attorney in preparation of the case, the hourly rate charged by Maria's attorney, or the reasonableness or necessity of the fees charged by Maria's attorney. Because we reverse the division of property and because there was no evidence presented on the issue of attorney's fees, we conclude the trial court abused its discretion in awarding judgment for Maria's attorneys fees. *See Barry,* 193 S.W.3d at 76; *Sandone,* 116 S.W.3d at 208. Accordingly, we sustain Amadeo's sixth issue.

### G. Relief Based on Agreement of the Parties

In his seventh issue, Amadeo contends the evidence is insufficient to support any relief based on a purported agreement of the parties. Specifically, Amadeo notes three provisions in the divorce decree purportedly based on the agreement of Amadeo and Maria but points out that he did not make any kind of appearance and agree to these provisions. Maria concedes the evidence is insufficient to support any agreement of the parties on these provisions.

The three agreed provisions include: (1) the requirement of alternative dispute resolution before filing any modification proceeding, (2) the parties' acknowledgments and representations about signing the divorce decree, and (3) the indemnification agreement regarding debts incurred by one party for which the other party may be liable and not listed in the divorce decree. We find no evidence in the record regarding any agreement by both parties to these provisions. We sustain Amadeo's seventh issue.

Accordingly, we reverse the portions of the trial court's judgment addressing conservatorship rights; division of the marital estate; calculation of child support, health and life insurance; apportionment of attorney's fees; and the parties' agreed provisions regarding alternative dispute resolution, acknowledgments and representations about signing the divorce decree, and indemnification, and remand for further proceedings consistent with this opinion. We affirm the reminder of the judgment.