Affirmed as Modified and Memorandum
Opinion filed December 28, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-01000-CV



Roswald Oliver
Hawkins, Appellant 

v.

Ruby Francis
Hawkins, Appellee 



On Appeal from
the 247th District Court

Harris County, Texas

Trial Court
Cause No. 2007-43598



 

MEMORANDUM OPINION 

Appellant, Roswald Oliver Hawkins, appeals from the
trial court’s order clarifying its prior final decree of divorce, which dissolved
the marriage between appellant and appellee, Ruby Francis Hawkins.  This is a
restricted appeal, as appellant did not participate in the proceedings
resulting in the clarification order and a default was taken against him in
those proceedings.  In five issues, appellant contends that in its clarifying
order, the trial court erred in (1) ordering him to execute a warranty deed in
favor of appellee; (2) ordering him to execute insurance documents in favor of
appellee; (3) ordering him to pay attorney’s fees to appellee’s attorney; (4)
granting appellee’s attorney a judgment for attorney’s fees, expenses, and
costs; and (5) taxing court costs against him.  We modify the trial court’s
order and, as modified, affirm.

Background

            In the final
decree, signed May 28, 2008, the trial court dissolved the Hawkins’ marriage
and divided their marital estate.  In regards to certain real property,
described as the “Laurel Mist Way Property,” the court ordered that after a
certain date, appellee was to have exclusive possession of the property.  It
further ordered appellee to “promptly take any and all measures reasonably
necessary to contract for the sale of the Property,” and to facilitate her
efforts, it ordered appellant “[w]ithout limitation” to “execute any and all documents
reasonably required to close the sale of the Laurel Mist Property.”  The net proceeds
from the sale were to be distributed as follows:  first, to reimburse appellee
for any payments she made on the mortgage or any other debt secured by the
property; second, to pay $12,000 to appellee for attorney’s fees she incurred
in the divorce proceedings; and third, the remainder was to be split evenly
between appellant and appellee.  The trial court further assessed all costs of
court against appellant.

            On October 28,
2008, appellee filed a “Petition for Enforcement and/or Clarify Order of
Property Division.”  In this pleading, appellee asserted that several disputes
had arisen between the parties regarding construction of the decree.  Consequently,
appellee requested that the court enter a clarifying order, which could be
enforced by contempt if not complied with, for any part of the decree that the
court found was not specific enough to be enforced by contempt.[1]  Appellee
further requested that appellant be required to pay appellee’s attorney’s fees
incurred in the enforcement/clarification proceeding.

A brief hearing on the clarification request was held
following a one-hour postponement due to appellant’s non-appearance. The trial judge began by noting that appellant had
not filed an answer to appellee’s pleading and had not appeared for the
hearing.  Appellee’s counsel then reported to the court that the final decree
awarded appellee half of the proceeds from the sale of the property and that it
ordered appellant “to execute a deed over to” appellee.  Counsel requested that
the court clarify the decree by ordering appellant to appear at counsel’s
office “on or before 10 days” to execute the deed.  Counsel additionally
requested that the court “execute a judgment for [appellee] in the event . . .
there are not enough proceeds from the sale of the house” to pay her attorney’s
fees of $12,000.  Further, counsel requested appellant be ordered to “execute
any and all documents necessary” regarding insurance reimbursements that
appellee may have received based on damage from Hurricane Ike.

In the subsequent clarification order, the court
specifically found that the final decree “should be clarified.”  The court then
ordered appellant to appear at counsel’s office on or before July 15, 2009 to
(1) execute a warranty deed to appellee; (2) execute all necessary insurance
documents for appellee; and (3) pay appellee’s counsel $2,965 for attorney’s
fees and costs of court.  The court further specifically awarded a judgment to
appellee’s counsel for $2,500 in attorney’s fees and taxed court costs in the
amount of $465 against appellant.

Standards of Review

To be successful in this restricted appeal under Rule
30 of the Texas Rules of Appellate Procedure, appellant must demonstrate that
he:  (1) initiated the appeal within six months of the order complained of; (2)
was a party to the suit below; (3) did not participate in the proceeding that
resulted in the order complained of; and (4) did not timely file a
post-judgment motion, request for findings of fact and conclusions of law, or
file a regular notice of appeal; and that (5) error appears on the face of the
record.  Tex. R. App. P. 30; Vazquez v. Vazquez, 292 S.W.3d 80, 83 (Tex.
App.—Houston [14th Dist.] 2007, no pet.).  The record in this context consists
of all the papers on file in the appeal, including the reporter’s record.  Vazquez,
292 S.W.3d at 83.  The only issue in this case is whether error appears on the
face of the record as argued by appellant; appellant has fulfilled the other
requirements for a restricted appeal.[2]

A trial court’s authority to clarify a divorce decree
that it issued is principally governed by sections 9.006 through 9.008 of the
Texas Family Code.  Tex. Fam. Code §§ 9.006–.008.  Section 9.006(a) authorizes
trial courts to issue orders “to enforce the division of property made in the
decree . . . to assist in the implementation of or to clarify the prior
order.”  Id. § 9.006(a).  Section 9.006(b) states that a court “may
specify more precisely the manner of effecting the property division previously
made if the substantive division of property is not altered or changed.”  Id.
§ 9.006(b).  Section 9.007 further emphasizes that courts may not “amend,
modify, alter, or change the division of property” as established in the final
decree.  Id. § 9.007(a).  And section 9.008 provides that if a court
determines that the division of property is not specific enough to be
enforceable by contempt, the court can issue a clarifying order “setting forth
specific terms to enforce compliance.”  Id. § 9.008(b).

A party’s request for an order altering or modifying
a property division in a final decree constitutes an impermissible collateral
attack.  See Hagen v. Hagen, 282 S.W.3d 899, 902 (Tex. 2009).  To be valid,
a clarification order must remain consistent with the divorce decree and merely
enforce its provisions by appropriate means.  See McKnight v.
Trogdon-McKnight, 132 S.W.3d 126, 130 (Tex. App.—Houston [14th Dist.] 2004,
no pet.).

Warranty Deed

            In his first
issue, appellant contends that the trial court erred in ordering him to appear
at appellee’s counsel’s office, on or before July 15, 2009, to execute a
warranty deed to appellee regarding the Laurel Mist Way Property.  Appellant insists
that by ordering him to sign a deed, the court, in its clarification order,
gave all interest in the property to appellee, thus improperly effecting a
substantial change in the property division contained in the final decree.  In
the decree, the trial court expressly mandated that after certain
reimbursements, net proceeds were to be split evenly between the parties.  In
making his argument, however, appellant misconstrues the scope of the trial
court’s order.

The clarification order must be read in conjunction with
the decree.  As explained above, in the decree, the court ordered appellant
“[w]ithout limitation” to “execute any and all documents reasonably required to
close the sale of the Laurel Mist Property.”  In this context, the directive in
the clarification order for appellant to sign the deed should be viewed as a
method of enforcing or implementing the decree’s division of property by
specifying more precisely the manner of effecting the division.  See Tex.
Fam. Code § 9.006.  In other words, the court ordered appellant to sign the
deed in order to facilitate the sale of and closing on the property and not to
award the property to appellee.  This was a proper use of a clarification order
under section 9.006 of the Family Code and did not affect the substantive
division of the property, as prohibited by section 9.007.  Id. § 9.006–.007.[3]  Because
appellant has failed to demonstrate error on the face of the record regarding
the portion of the clarification order requiring execution of the deed, we
overrule his first issue and affirm that portion of the order.

Insurance Documents

            In his second
issue, appellant contends that the court below erred in ordering him to appear at
appellee’s counsel’s office and execute insurance documents favoring appellee. 
The clarification order does indeed require appellant to so appear and “execute
all necessary insurance documents to [appellee]” for the Laurel Mist Way Property. 
Although the order itself does not mention insurance proceeds, appellee’s
counsel represented to the court that the reason for his request regarding
insurance documents was the receipt or expected receipt of insurance proceeds. 
The final decree, however, made no mention of any insurance documents, claims, or
proceeds.  It definitely did not make any assignment of any expected or
received insurance proceeds.  Consequently, the trial court was not authorized
to issue a clarification order regarding insurance documents, claims, or
proceeds.  Such order did not clarify anything in the final decree and appears
to have impermissibly effected a change in the substantive division of the
property.  See McKnight, 132 S.W.3d at 130 (explaining that a valid
clarification order must remain consistent with the divorce decree and merely
enforce its provisions by appropriate means).  Accordingly, we sustain
appellant’s second issue.

Attorney’s Fees and Costs of Court

In his third and fourth issues, appellant contends
that the court erred, respectively, in (1) ordering him to appear at appellee’s
counsel’s office and pay attorney’s fees, and (2) awarding a judgment for
attorney’s fees to appellee’s counsel.[4] 
Among his specific arguments, appellant asserts that the record contains no
evidence concerning the reasonableness or the necessity of the fees awarded for
the clarification proceedings ($2,500).  Appellant is correct that before a
party can be awarded its attorney’s fees, it must demonstrate that the fees
were reasonable and necessary.  See Stewart Title Guar. Co. v. Sterling,
822 S.W.2d 1, 10 (Tex. 1991); Keith v. Keith, 221 S.W.3d 156, 169 (Tex.
App.—Houston [1st Dist.] 2006, no pet.).  Moreover, it is well-settled that an
award of attorney’s fees can be challenged on appeal for the sufficiency of the
evidence.  E.g., Oyster Creek Fin. Corp. v. Richwood Invs. II, Inc., 176
S.W.3d 307, 320 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).  Appellant
is further correct that the record does not reveal any evidence supporting the
award of fees in this case.

In the brief hearing on the request for a
clarification order, appellee’s counsel did not renew his request for, much
less provide any evidence supporting, an award of fees for the clarification
proceedings.[5] 
Consequently, error is shown on the face of the record regarding the award of
fees for the clarification proceedings.  See Vazquez v. Vazquez, 292
S.W.3d 80, 86 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (sustaining issue
challenging sufficiency of the evidence to support reasonableness of attorney’s
fees in restricted appeal context).  We sustain appellant’s third and fourth
issues as they pertain to the award of attorney’s fees.

In his fifth issue, appellant contends that the trial
court erred in assessing court costs against him.  Generally, a successful
party in a suit is entitled to its court costs.  Tex. R. Civ. P. 131.  A party
seeking affirmative relief who prevails on one claim but not others in the same
proceeding is still considered a successful party.  See Williamson v.
Roberts, 52 S.W.3d 354, 356 (Tex. App.—Texarkana 2001), aff’d, 111
S.W.3d 113 (Tex. 2003).  In apparent recognition of this rule, appellant
specifically argues that the award of costs should be overturned because the
entire clarification order should be reversed.  However, because we are
affirming at least a portion of the clarification order (that requiring
execution of the deed), appellant’s argument is rendered moot.  Accordingly, we
overrule his fifth issue.

Conclusion

            We modify the
trial court’s clarification order to remove the entire paragraphs in which the
court (1) ordered appellant to appear and sign insurance documents; (2) ordered
appellant to appear and pay attorney’s fees and costs; and (3) granted judgment
to appellee’s attorney.  As so modified, we affirm the remainder of the court’s
order, including the taxation of costs of court against appellant.

 

                                                                                    

                                                                        /s/        Martha
Hill Jamison

                                                                                    Justice

 

 

Panel consists of Chief Justice Hedges, Justice Jamison, and
Senior Justice Hudson.[6]

 









[1]
Appellee’s pleading only generally stated that disputes had arisen and
requested general clarification of the decree.  Appellant, however, makes no
complaint regarding the lack of specificity in the pleading.  See generally
McKnight v. Trogdon-McKnight, 132 S.W.3d 126, 131-32 (Tex. App.—Houston
[14th Dist.] 2004, no pet.) (explaining that a default must be supported by
pleadings that provided fair notice of the relief sought).





[2]
Appellee has not filed an appellate brief in this case.  Thus, appellee has not
made any arguments regarding any of the elements appellant must establish,
including whether error is shown on the face of the record.





[3]
Appellant offers no argument regarding whether the signing of the deed was a
document reasonably required to close the sale of the property.  Moreover, the
face of the record does not reveal any error in this regard.





[4]
Also in issue three, appellant challenges the trial court’s award of costs of
court ($465).  However, beyond stating the issue, appellant provides no
argument or relevant citation to authority or the record in support of his
contention.  Consequently, this portion of issue three is insufficiently
briefed.  See Tex. R. App. P. 38.1(i) (stating that an appellant’s brief
“   must contain a clear and concise argument for the contentions made, with
appropriate citations to authorities and to the record”).  The question of
court costs is also addressed in issue five below.





[5]
During the hearing, appellee’s counsel did request a judgment from the court
for the entire amount of the fees awarded in the final decree ($12,000), which
the court had ordered to be paid from the net proceeds of the sale of the
property.  Although the court orally granted this request, it was not made part
of the written order and is not part of this appeal.  In the event the trial
judge intended the $2,500 award to appellee’s counsel in the clarification
order to be a judgment for part of the $12,000 awarded in the final decree,
this was in direct contradiction of the final decree and thus not a proper use
of a clarification order.  See McKnight, 132 S.W.3d at 130.





[6]
Senior Justice J. Harvey Hudson sitting by assignment.