

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00182-CV

Crystal **SMITH**,
Appellant

v.

Joseph **HICKMAN**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2018CI19228
Honorable Solomon Casseb III, Judge Presiding

Opinion by: Irene Rios, Justice

Sitting: Sandee Bryan Marion, Chief Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: March 25, 2020

REVERSED AND REMANDED

This is a restricted appeal of a default final divorce decree. Smith contends the evidence is insufficient to support: (1) the conservatorship rights of the parties, passport provisions for the child, and possession schedule; (2) the child support obligation of Smith, including the educational expenses, medical insurance, dental insurance, and life insurance provisions; (3) the property division of the marital estate, the judgment awarded to appellee to equalize the division, and the confirmation of separate property; and (4) the acknowledgment and indemnification requirement. We reverse the default decree and remand the cause to the trial court for further proceedings.

**BACKGROUND**

Smith and Joseph Hickman were married on or about June 27, 2015, and had one child born on November 30, 2015. Smith and Hickman ceased living together as husband and wife on or about April 30, 2017.

On October 4, 2018, Hickman filed an original petition for divorce. Smith did not answer. On December 26, 2018, Hickman and his attorney appeared before the trial court to prove up the terms of a proposed final divorce decree. At the conclusion of the hearing, the trial court signed the proposed decree which appointed Smith and Hickman joint managing conservators of their child and divided the marital estate. On March 26, 2019, Smith filed a notice of appeal.

**STANDARD OF REVIEW AND APPLICABLE LAW**

"To sustain a proper restricted appeal, the filing party must prove: (1) she filed notice of the restricted appeal within six months after the judgment was signed; (2) she was a party to the underlying lawsuit; (3) she did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record." *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014). It is undisputed that Smith satisfied the first three elements, and only the fourth element is at issue on appeal.

"For purposes of a restricted appeal, the face of the record consists of all papers on file in the appeal, including the reporter's record." *Hodge v. Hanor*, No. 04-18-00255-CV, 2019 WL 73257, at *1 (Tex. App.—San Antonio Jan. 2, 2019, no pet.) (mem. op.); *see also Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). A challenge to the sufficiency of the evidence is reviewable in a restricted appeal. *Norman Commc'ns*, 955 S.W.2d at 270; *Hodge*, 2019 WL 73257, at *1.

"Most of the appealable issues in a family law case are evaluated against an abuse of discretion standard, be it the issue of property division incident to divorce or partition, conservatorship, visitation, or child support." *Sandone v. Miller-Sandone*, 116 S.W.3d 204, 205 (Tex. App.—El Paso 2003, no pet.). "A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support [its] decision." *Garza v. Garza*, 217 S.W.3d 538, 549 (Tex. App.—San Antonio 2006, no pet.). "Because in family law cases the abuse of discretion standard of review overlaps with the traditional sufficiency standards of review, legal and factual insufficiency are not independent grounds of reversible error; instead they constitute factors relevant to our assessment of whether the trial court abused its discretion." *Id*. "Therefore, in considering whether the trial court abused its discretion because the evidence is legally or factually insufficient, we apply a two-prong test: (1) did the trial court have sufficient evidence upon which to exercise its discretion, and (2) did the trial court err in its application of that discretion?" *Id*.

## ANALYSIS

A petition for divorce may not be taken as confessed if the respondent does not file an answer. TEX. FAM. CODE ANN. § 6.701. "Therefore, when a respondent defaults, the petitioner must present evidence to support the material allegations in the petition, including evidence to support a 'just and right' division of the community estate." *Chapa v. Chapa*, No. 04-17-00345-CV, 2018 WL 1934240, at *1 (Tex. App.—San Antonio Apr. 25, 2018, no pet.) (mem. op.). Similarly, with regard to conservatorship, evidence must be presented to support a finding that joint managing conservatorship is in the best interest of the child. *See In re A.T.*, No. 05-16-00539-CV, 2017 WL 2351084, at *15–16 (Tex. App.—Dallas May 31, 2017, no pet.) (mem. op.); *Vazquez v. Vazquez*, 292 S.W.3d 80, 85 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *see also Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976) (listing factors for trial court to consider);

TEX. FAM. CODE ANN. § 153.134 (same). Finally, "[p]roperty possessed by either spouse during or on dissolution of marriage is presumed to be community property," and "[t]he degree of proof necessary to establish that property is separate property is clear and convincing evidence." TEX. FAM. CODE ANN. § 3.003.

In this case, the only evidence presented to the trial court was Hickman's testimony which spanned six pages. His testimony consisted mostly of affirmative "yes" answers to questions regarding the terms outlined in the proposed divorce decree. No evidence was presented regarding the value of the community estate or any of its component parts, such as accounts, properties, vehicles, or debts. With regard to the nature of the division, the only evidence presented was Hickman's conclusory "I do" when asked whether he believed the proposed decree contained a just and right division of the community estate. Similarly, other than acknowledging their child was born during the marriage and was three years old, the only evidence presented regarding the child's best interest was Hickman's conclusory "I do" when asked whether he believed the terms outlined in the decree were in the child's best interest. *See Vasquez*, 292 S.W.3d at 85 (noting party's statement that conservatorship ordered in proposed decree was in the children's best interest was conclusory and did not rise to the level of competent evidence a trial court could use in determining best interest). Finally, although Hickman testified he owned the marital residence prior to the marriage, he also requested the trial court to award him any community interest he might have in that property. Accordingly, the trial court abused its discretion on the issues of conservatorship, child support, and property division because it did not have sufficient evidence upon which to exercise its discretion. *See Garza*, 217 S.W.3d at 549; *see also Garcia v. Benavides*, No. 04-19-00451-CV, 2020 WL 214758, at *2 (Tex. App.—San Antonio Jan. 15, 2020, no pet.) (mem. op.) (reversing conservatorship and child support provisions of default divorce decree because not supported by evidence); *Chapa*, 2018 WL 1934240, at *2 (reversing division of

property provision in default divorce decree because not supported by evidence); *Vasquez*, 292 S.W.3d at 85–86 (reversing division of property provision in default divorce decree because not supported by evidence and also reversing "child support determination, including the health insurance and life insurance obligations," because those determinations could be "materially influenced" by the property division).

With regard to the acknowledgment, the provision requires Hickman and Smith to acknowledge various facts relating to their signatures affixed to the decree; however, Smith never signed the decree. Finally, the indemnification contained a representation and warranty each party made that neither had incurred any debts or liabilities other than those described in the decree; however, Smith never reviewed the decree or the listed debts and liabilities.

## CONCLUSION

With the exception of the provision granting the divorce and dissolving the marriage, the final divorce decree is reversed, and the cause is remanded to the trial court for further proceedings.

Irene Rios, Justice