

# IN THE
## TENTH COURT OF APPEALS

### No. 10-19-00199-CV

### IN THE MATTER OF THE MARRIAGE OF
### LINWOOD DEAN DURHAM AND AMANDA SUE DURHAM

**From the 87th District Court**
**Leon County, Texas**
**Trial Court No. 18-0324CV**

## MEMORANDUM  OPINION

Linwood Durham appeals from a judgment of divorce from his wife, Amanda. In two issues, Linwood complains that the trial court abused its discretion by failing to divide the marital estate on a just and right basis and by denying his motion for new trial because he met all of the elements of the test set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (Tex. 1939). Amanda complains that we do not have jurisdiction over this appeal because the notice of appeal was not timely filed. Because we find that we have jurisdiction over the appeal and that the trial court abused its discretion in the division of the marital estate, we reverse the judgment in part and remand for a new trial on the property and liability division issues only.

Amanda filed for divorce in September of 2018 and Linwood was properly served with citation in October of 2018. Linwood failed to file an answer. The trial court entered a no-answer default judgment granting the divorce and dividing the marital estate on February 7, 2019. Linwood did not receive notice that the final judgment had been signed. On April 8, 2019, Linwood filed an amended sworn motion for extension of time pursuant to Rule 306a of the Rules of Civil Procedure contending that although he was told that the divorce had been granted on March 17, 2019, he did not receive actual notice of the signing of the trial court's judgment until March 18, 2019. The trial court conducted a hearing on Linwood's Rule 306a motion on April 16, 2019 and granted the motion. The trial court signed a written order that contained a finding that Linwood received actual notice on March 18, 2019 of the signing of the judgment and extended the deadlines to file a motion for new trial and notice of appeal to run from March 18, 2019. On April 17, 2019, Linwood filed a motion for new trial. The motion for new trial was overruled by operation of law because no written order was signed overruling the motion, notwithstanding that the trial court had orally denied the motion after a hearing. Linwood filed a notice of appeal on June 13, 2019.

**JURISDICTION**

Amanda argues as a preliminary matter, that this Court does not have jurisdiction over this appeal because the evidence established that Linwood received notice of the judgment on March 17, 2019. If that is the proper test, then the motion for new trial would

have been due on April 16, 2019 and thus, because it was filed on April 17, 2019, the motion would not have been timely filed. If the motion for new trial was not timely, then the notice of appeal was also untimely because the filing of the motion for new trial would not extend the deadline to file a notice of appeal. *See* TEX. R. APP. P. 26.1(a)(1) (deadline to file notice of appeal extended to 90 days if timely motion for new trial filed).

Linwood argues that Amanda should not be allowed to complain about the date the trial court put in the order that granted the extension of time pursuant to Rule 306a because she did not file a notice of appeal. However, the order is not an appealable judgment and therefore, filing a notice of appeal from that order would have been improper because Amanda is not seeking a more favorable judgment than the final judgment that is the subject of this appeal. *See Ward v. Parham*, 198 S.W.3d 861, 863 (Tex. App.—Texarkana 2006, no pet.). Even if that were not the case, this Court always has the ability and responsibility to determine its jurisdiction at any stage of the proceedings and should address it before any other issue. *See Crites v. Collins*, 284 S.W.3d 839, 840 (Tex. 2009) (per curiam) (noting that jurisdictional questions must be addressed before merits).

**RULE OF CIVIL PROCEDURE 306a(4)-(5)**

In the event that a party is not aware of the signing of a judgment within 20 days of its signing, Rule 306a of the Texas Rules of Civil Procedure provides a mechanism for a trial court to extend post-judgment deadlines if more than twenty but less than 90 days have passed after the judgment was signed. *See* TEX. R. CIV. P. 306a. Upon the filing of a

"sworn motion and notice," Rule 306a(4) allows a trial court to extend post-judgment deadlines to the date on which a party "acquired actual knowledge of the signing" of the judgment if the knowledge was gained more than twenty but less than ninety days after the signing of the judgment. TEX. R. CIV. P. 306a(4)-(5). Amanda does not dispute that Linwood did not receive notice within twenty days of the judgment or that the 306a motion and notice were timely and sufficient. Rather, Amanda argues that the evidence conclusively established that Linwood judicially admitted that he acquired actual knowledge on March 17, 2019 because he stated in his sworn motion that he found out from his aunt on March 17 that the divorce had been granted and that Amanda told him the same when he called her that same day. Linwood's sworn motion further stated that on March 18, 2019, he found out that the judgment had actually been signed by the trial court on February 7, 2019 when his attorney contacted the court clerk.

We review the trial court's decision concerning the date a party received actual knowledge of the date the judgment was signed under the traditional legal and factual sufficiency of the evidence standard of review. *Texaco, Inc. v. Phan*, 137 S.W.3d 763, 767-68 (Tex. App.—Houston [1st Dist.] 2004, no pet.). When examining a legal-sufficiency challenge, we review the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). When, as here, a party challenges legal sufficiency relative to an adverse finding on which it did not bear the burden of proof, it must show that no

evidence supports the finding. *See Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 215 (Tex. 2011). When a party challenges factual sufficiency relative to an adverse finding on which it did not bear the burden of proof, we consider all the evidence and will set aside the finding only if the evidence supporting it is so weak or so against the overwhelming weight of the evidence that the finding is clearly wrong and unjust. *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406-07 (Tex. 1998). The trial court enjoys "great latitude" with regard to the resolution of fact issues raised in the context of a Rule 306a motion. *See Texaco, Inc. v. Phan*, 137 S.W.3d 763, 768 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

No testimony was presented at the 306a hearing but the trial court did take judicial notice of its file and contents. The trial court did not allow testimony but ruled on the motion and the arguments of counsel only.[1] The trial court determined that Linwood received actual notice of the signing of the judgment on March 18, 2019, which is supported by some evidence in the sworn motion. We find that the trial court's determination that Linwood received actual notice on March 18, 2019 of the signing of the judgment is not so against the weight of the evidence that it is clearly wrong and unjust. The evidence was legally and factually sufficient for the trial court to have found that, although Linwood found out on March 17, 2019 that the divorce had been granted,

---

[1] Neither party objected to the lack of testimony or contends on appeal that the sworn motion does not constitute evidence upon which the trial court could rule on the motion.

In the Matter of the Marriage of Durham and Durham                                    Page 5

he did not receive "actual notice of the signing" of the judgment until March 18, 2019, when the attorney with whom he spoke verified with the clerk of the court that the decree had been signed on February 7, 2019. Amanda did not present any controverting evidence regarding what she told Linwood during their telephone call on March 17, 2019 regarding the signing of the judgment at the hearing on the 306a motion nor did she argue to the trial court that the appropriate date should be March 17 rather than March 18. Because we have found that the trial court's order pursuant to Rule 306a was supported by legally and factually sufficient evidence, we find that the motion for new trial and subsequent notice of appeal were timely filed and that we have jurisdiction over this appeal.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, Linwood complains that the trial court abused its discretion in dividing the community estate because (1) there was no evidence as to the values of any of the property awarded to either party and (2) the property was divided disproportionally rather than in a manner that was just and right as required by Family Code Section 7.001. *See* TEX. FAM. CODE ANN. § 7.001. In a divorce proceeding, the Family Code requires the trial court to "order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage."[2] TEX. FAM. CODE ANN. § 7.001. We review a trial court's

---

[2] No children were born or adopted of the marriage.

division of property under an abuse of discretion standard. *Bradshaw v. Bradshaw*, 555 S.W.3d 539, 543 (Tex. 2018). A trial court abuses its discretion when it acts arbitrarily or unreasonably or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

In order to determine whether a trial court abused its discretion because the evidence was insufficient to support its decision, we consider: (1) whether the trial court had sufficient evidence upon which to exercise its discretion; and (2) whether it erred in its application of that discretion. *Bush v. Bush*, 336 S.W.3d 722, 729 (Tex. App.—Houston [1st Dist.] 2010, no pet.). We conduct the sufficiency review using the appropriate standards for legal and factual sufficiency when considering the first prong of the test. *Bush*, 336 S.W.3d at 729. We then determine whether, based on the evidence presented at trial, the trial court made a reasonable decision. *In the Interest of S.T.*, 508 S.W.3d 482, 489 (Tex. App.—Fort Worth 2015, no pet.).

In a suit for divorce, the petition may not be taken as confessed if the respondent does not file an answer. TEX. FAM. CODE ANN. § 6.701. Thus, if a respondent in a divorce case fails to answer, the petitioner still must present evidence to support the material allegations in the petition. *Vazquez v. Vazquez*, 292 S.W.3d 80, 83-84 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Therefore, a default judgment of divorce is subject to an evidentiary attack on appeal. *Vazquez*, 292 S.W.3d at 84.

The substantive portion of the reporter's record of the trial in this proceeding including the trial court's ruling is only eight pages long. Amanda testified about individual vehicles and items of property that were separate property of her or Linwood, and to several community property vehicles and a business that were to be awarded to Linwood and the real property owned by the community estate that was to be awarded to her. Although she testified that each spouse was to be awarded the assets in their possession, including retirement, there was no evidence as to what those assets were. Additionally, the trial court received no evidence regarding the value of any of the community property, the separate property, or the marital estate as a whole. The court also did not receive any evidence establishing the amount of the parties' liabilities. Further, there was not any evidence that the proposed division of the assets and liabilities that Amanda included in her proposed decree was just and right. This was not sufficient evidence either for the trial court to make its own assessment of a just and right division of the marital estate as required by Texas Family Code section 7.001 or for this court to review that assessment. *See In re Marriage of Brown*, 187 S.W.3d 143, 148 (Tex. App.—Waco 2006, no pet.) The trial court abused its discretion in dividing the estate in the absence of any evidence of value. *See id.* Accordingly, we sustain Linwood's first issue.[3] Because we

---

[3] Amanda argues that because Linwood did not file a request for findings of fact or provide his own valuation to the trial court to show that the trial court abused its discretion, he has forfeited his complaints on appeal. However, Amanda has cited to no authority to support these arguments that applies in a no-answer default proceeding. Further, findings of fact would not alter our conclusion that there was no evidence before the trial court of valuation of the assets or liabilities because the trial court could not make fact findings on evidence that was not presented to it.

have sustained Linwood's first issue and because Linwood did not seek review of his second issue if his first issue was sustained, we do not need to address his second issue.

**CONCLUSION**

Having found that the trial court abused its discretion in the division of the marital estate, we reverse those portions of the divorce decree addressing the division of the marital estate and remand the case to the trial court for further proceedings consistent with this opinion. We affirm the decree in all other respects.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Neill,* and
     Justice Johnson
     *(Justice Neill concurring without note)
Reversed and remanded in part
Opinion delivered and filed March 3, 2021
CV06

