

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00211-CV

IN THE MATTER OF THE MARRIAGE OF COLLEEN ELAINE HOTTINGER
AND CHASE MATTHEW HOTTINGER
AND IN THE INTEREST OF C.R.H. AND C.H., CHILDREN

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2019-535,868, Honorable Jim Bob Darnell, Presiding

September 29, 2021

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Chase Matthew Hottinger appeals from a default judgment of divorce from his wife, Colleen Elaine Hottinger. Chase raises four issues by his appeal. He contends the trial court abused its discretion because there was no evidence to support (1) the granting of the divorce on the basis of adultery; (2) the conservatorship, child support, and visitation ordered; (3) the division of property; and (4) the award of spousal maintenance. We reverse the decree of divorce and order a new trial.

## Background

Chase and Colleen were married in 2008 and had two children during the marriage. In June of 2018, they entered into a post-marital agreement. In the event Colleen filed a dissolution proceeding due to Chase's infidelity, the agreement provided that Colleen's conservatorship of the children would not be subject to a geographical restriction, Chase would pay spousal maintenance, and certain property in which Chase had a separate property interest would be awarded to Colleen. A year later, Colleen filed a petition for divorce from Chase alleging insupportability and adultery. Chase was properly served with citation but failed to file an answer.

Colleen submitted her divorce "prove-up" testimony via an affidavit filed on May 5, 2020. The affidavit incorporated the post-marital agreement by reference and requested the court approve the parties' agreement as set out in the post-marital agreement. The trial court granted a default judgment of divorce on the ground of adultery, divided the property, decided conservatorship and child support, and ordered spousal support. Chase timely appealed, raising four issues.

## Standard of Review

We review most appealable issues in family law cases under an abuse of discretion standard. *Sandone v. Miller-Sandone,* 116 S.W.3d 204, 205 (Tex. App.—El Paso 2003, no pet.). This standard of review applies to a trial court's granting of a divorce on fault grounds. *In re Marriage of C.A.S.,* 405 S.W.3d 373, 382 (Tex. App.—Dallas 2013, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules and principles. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.

1990) (per curiam). In family law cases, the abuse of discretion standard of review overlaps with the traditional sufficiency standards of review. *Bradshaw v. Bradshaw,* 555 S.W.3d 539, 549 (Tex. 2018). In determining whether the trial court abused its discretion by deciding an issue without sufficient evidentiary support, we consider: (1) whether the trial court had sufficient evidence upon which to exercise its discretion, and (2) whether it erred in its application of that discretion. *Id.*

In a suit for divorce, the petition may not be taken as confessed if the respondent does not file an answer. TEX. FAM. CODE ANN. § 6.701. Thus, if a respondent in a divorce case fails to answer, the petitioner must still present evidence to support the material allegations in the petition. *Vazquez v. Vazquez,* 292 S.W.3d 80, 83-84 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Therefore, a default judgment of divorce is subject to an evidentiary attack on appeal. *Id.* at 84.

Analysis

In his first issue, Chase contends that the trial court abused its discretion in granting the divorce on the ground of adultery because no evidence supports dissolution of the marriage on this basis. In her first amended petition for divorce, Colleen pled two grounds for the dissolution of the marriage: (1) the marriage had become insupportable, and (2) Chase had committed adultery. The trial court dissolved the marriage solely on the ground of adultery based on the implied finding that Chase had committed adultery.

The Texas Family Code provides that a court "may grant a divorce in favor of one spouse if the other spouse has committed adultery." TEX. FAM. CODE ANN. § 6.003. Adultery means the "voluntary sexual intercourse of a married person with one not the

3

spouse." *Gerges v. Gerges*, 601 S.W.3d 46, 64 (Tex. App.—El Paso 2020, no pet.). Adultery can be shown by direct or circumstantial evidence, but there must be clear and positive proof of the adultery. *In re Marriage of C.A.S.,* 405 S.W.3d 373, 383 (Tex. App.—Dallas 2013, no pet.) (citing *In re S.A.A.,* 279 S.W.3d 853, 856 (Tex. App.—Dallas 2009, no pet.)); *In re Hashimi,* No. 14-17-00488-CV, 2018 LEXIS 7071, at *17 (Tex. App.—Houston [14th Dist.] Aug. 30, 2018, no pet.) (mem. op.) (mere suggestion and innuendo is insufficient to prove adultery).

The sole testimony in this case came from the affidavit of Colleen that was submitted to the trial court. In her affidavit, Colleen testified, "Chase has committed adultery, which has caused a break-up of our marriage relationship." In addition to her affidavit, Colleen points to the terms of the post-marital agreement providing consequences for Chase's infidelity and asserts that the trial court could infer Chase committed adultery prior to the agreement. We disagree.

Colleen's testimony is suggestive of adultery, but it is conclusory and fails to establish the existence of the elements of adultery. *See Miller v. Miller,* 306 S.W.2d 175, 176 (Tex. Civ. App.—San Antonio 1957, no writ) (husband's testimony that "I know she was and has been unfaithful to me up to the present time" is insufficient to prove adultery); *Dzierwa v. Cerda,* No. 04-13-00407-CV, 2014 Tex. App. LEXIS 8518, at *8-9 (Tex. App.—San Antonio Aug. 6, 2014) (mem. op.) (wife's testimony that she "kn[e]w that [husband] was seeing another women" [sic] and that she "believe[d] he was having an affair with that woman" constituted mere suggestion or innuendo that husband committed adultery); *see also In re T.W.E.*, 217 S.W.3d 557, 560 (Tex. App.—San Antonio 2006, no pet.) (finding father's "mere agreement" that he saw no problem with his serving as a joint

4

managing conservator is "too conclusory to amount to any evidence"); *Vazquez,* 292 S.W.3d at 85 (petitioner signing divorce decree and testifying that she "thought the conservatorship was in the best interest of the children" is conclusory and does not rise to level of competent evidence); *In re J.M.,* 387 S.W.3d 865, 873 (Tex. App.—San Antonio 2012, no pet.) (caseworker's statement in termination case that "each of these fathers or alleged fathers constructively abandoned their children" is too conclusory to amount to any evidence). Moreover, there is no plausible inference of adultery to be made from the language in the post-marital agreement that suggests Chase committed adultery.

Colleen's testimony is not sufficient evidence upon which the trial court could make its determination that Chase committed adultery. The trial court abused its discretion in granting the divorce on the ground of adultery in the absence of any evidence of adultery. Because the trial court granted the divorce solely on the ground of adultery, we must reverse the judgment of divorce and suit affecting the parent-child relationship. *See Dzierwa,* 2014 Tex. App. LEXIS 8518, at *10. Accordingly, we sustain Chase's first issue.[1]

Given our disposition of Chase's first issue and the fact that the remainder of the trial court's decree is dependent on the existence of a divorce on a valid statutory ground, we need not address Chase's remaining issues. *Id.*

---

[1] Because Chase did not file a request for findings of fact, Colleen also argues that all facts necessary to support the judgment are implied, including an implied finding that Chase had committed adultery. However, Colleen has cited to no authority to support this argument in a no-answer default proceeding. Because the trial court could not make fact findings on evidence that was not presented to it, findings of fact in this case would not alter our conclusion that there was no evidence before the trial court to support the ground of adultery. *See In re Durham*, No. 10-19-00199-CV, 2021 Tex. App. LEXIS 1578, at *9, n.3 (Tex. App.—Waco Mar. 3, 2021, no pet.) (mem. op.).

Conclusion

We reverse the trial court's judgment of divorce and remand this cause for a new trial.

Judy C. Parker
Justice