

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-20-00095-CV

IN THE MATTER OF THE MARRIAGE OF ANTHONY LYNN WILLIAMS
AND THERESA GAYLE WILLIAMS

On Appeal from the County Court at Law
Walker County, Texas
Trial Court No. D2018093

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion on Remand by Justice van Cleef

## MEMORANDUM OPINION ON REMAND

Anthony Lynn Williams filed a petition for divorce from Theresa Gayle Williams in the County Court at Law of Walker County, Texas. After Theresa failed to answer or appear, the trial court entered a default judgment that granted the divorce, established each party's separate property, and divided the community estate. In her sole point of error on appeal, Theresa argues that the property division was not supported by the evidence. Because we agree, we reverse the divorce decree with respect to the property division and remand the matter to the trial court for further proceedings consistent with this opinion.

## I.      Factual and Procedural Background

It is undisputed that Theresa was duly served with citation on August 18, 2020, but failed to answer the lawsuit. As a result, the trial court entered a default judgment dividing the marital estate after a brief hearing, which comprised three substantive pages of transcript. With respect to the property division, the trial court only heard the following:

> Q.     We've looked through this final decree of divorce that we filed?
>
> A.     Yes, sir.
>
> Q.     And in that we divided y'alls property?
>
> A.     Yes, sir.
>
> Q.     In fact, we're going to give her some money in here?
>
> A.     Yes, sir.
>
> Q.     We think this division of property is fair and equitable?
>
> A.     Yes, sir.

Q.     You're asking for the Court to grant your divorce and approve everything that's in here?

A.     Yes, sir.

There was no other evidence supporting the trial court's division of community property and nothing showing the value of the property listed in the divorce decree proposed by Anthony. At the conclusion of Anthony's testimony, the trial court merely stated that it would "sign the final decree as presented."

After receiving a copy of the divorce decree, Theresa filed a motion for new trial requesting "a fair division of the community property." In her accompanying affidavit, Theresa complained that all of the community assets, except for $10,000.00, had been awarded to Anthony even though he had received the marital home. Theresa added that Anthony "would not even give [Theresa her] clothes and personal effects."

At the motion for new trial hearing, Theresa admitted that she had been served with citation on August 18 but failed to file an answer because she believed she and Anthony could agree on the disposition of community assets. According to Theresa, Anthony's attorney had assured her that he would advise her of any final hearing date but failed to do so, causing her to miss the final hearing. Theresa also testified that the divorce decree failed to divide some community assets, including the marital home, Anthony's retirement account, cattle, "and some money in the bank." Even so, the trial court denied Theresa's motion for a new trial.

Theresa appealed from the trial court's divorce decree, and the case was transferred to this Court from the Tenth Court of Appeals in Waco pursuant to the Texas Supreme Court's

docket equalization program. *See* TEX. GOV'T CODE ANN. § 73.001. Under the commonly

known *Craddock* factors, a trial court must set a default judgment aside if

> (1) "the failure of the defendant to answer before judgment was not intentional, or
> the result of conscious indifference on his part, but was due to a mistake or an
> accident"; (2) "the motion for a new trial sets up a meritorious defense"; and
> (3) granting the motion "will occasion no delay or otherwise work an injury to the
> plaintiff."

*Sutherland v. Spencer*, 376 S.W.3d 752, 754 (Tex. 2012) (quoting *Craddock v. Sunshine Bus*

*Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. [Comm'n Op.] 1939)).

In our prior opinion, we observed Theresa's lack of complaint "that the trial court erred

by denying her motion for new trial because she established the *Craddock* elements." *In the*

*Matter of the Marriage of Williams*, No. 06-20-00095-CV, 2021 WL 1521978, at *2 (Tex.

App.—Texarkana Apr. 19, 2021), *rev'd*, 646 S.W.3d 542 (Tex. 2022) (per curium). Because we

were "constrained to follow the transferor court's . . . holding," our previous opinion in this

cause applied the precedent of the Waco Court of Appeals, which held that compliance with

*Craddock* must be raised on appeal to preserve error of other claims, including whether the trial

court erred in its property division. *Williams*, 646 S.W.3d at 544 (reversing the Waco court's

former precedent in *In the Matter of the Marriage of Jackson*, No. 10-17-00403-CV, 2018 WL

4925780, at *1 (Tex. App.—Waco Oct. 10, 2018, no pet.) (mem. op.)). Overruling the Waco

court's precedent, the Texas Supreme Court held that Theresa's evidentiary legal complaint was

not forfeited by her failure to address the equitable *Craddock* factors. *Williams*, 646 S.W.3d at

544–45. Accordingly, the case was remanded to this Court to address the merits of Theresa's

sufficiency complaint. *Id.* at 546.

4

## II.     Standard of Review

"We review a trial court's division of property under an abuse of discretion standard." *In the Matter of the Marriage of Blackheart*, No. 10-20-00073-CV, 2021 WL 2827969, at \*2 (Tex. App.—Waco July 7, 2021, no pet.) (mem. op.) (citing *Bradshaw v. Bradshaw*, 555 S.W.3d 539, 543 (Tex. 2018)). "A trial court has wide discretion in dividing the community estate." *Smith v. Smith*, 143 S.W.3d 206, 213 (Tex. App.—Waco 2004, no pet.) (mem. op.) (citing *Schlueter v. Schlueter*, 975 S.W.2d 584, 589 (Tex. 1998)). However, the Texas Family Code requires the trial court, in exercising its discretion, to "order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party." TEX. FAM. CODE ANN. § 7.001. "A trial court abuses its discretion when it acts arbitrarily and unreasonably, without reference to any guiding rules or legal principles." *Smith*, 143 S.W.3d at 212 (citing *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000)).

"To determine whether a trial court abused its discretion because the evidence was insufficient to support its decision, we consider:  (1) whether the trial court had sufficient evidence upon which to exercise its discretion; and (2) whether it erred in its application of that discretion." *In the Matter of the Marriage of Durham*, No. 10-19-00199-CV, 2021 WL 837348, at \*3 (Tex. App.—Waco Mar. 3, 2021, no pet.) (mem. op.). "We conduct the sufficiency review using the appropriate standards for legal and factual sufficiency when considering the first prong of the test." *Id.* "We then determine whether, based on the evidence presented at trial, the trial court made a reasonable decision." *Id.* A trial court "need not divide the community estate

5

equally" so long as "some reasonable basis" supports the disproportionate division. *Smith*, 143 S.W.3d at 214.[1]

## III.    The Record Did Not Support the Division of Community Property

"In a suit for divorce, the pleadings are not deemed admitted by the defendant's failure to appear." *Williams*, 646 S.W.3d at 545.  As a result, "the petition [for divorce] may not be taken as confessed if the respondent does not file an answer." TEX. FAM. CODE ANN. § 6.701.  "Thus, if a respondent in a divorce case fails to answer, the petitioner still must present evidence to support the material allegations in the petition." *Durham*, 2021 WL 837348, at *3 (citing

---

[1]Texas courts have considered the following factors in determining a reasonable basis for dividing community property:

(1)    fault in the breakup of the marriage;

(2)    the benefits that the innocent spouse would have derived had the marriage continued;

(3)    disparity in the spouses' income or earning capacities;

(4)    each spouse's business opportunities;

(5)    differences in the spouses' education;

(6)    physical health and need for future support;

(7)    the relative ages of the parties;

(8)    each spouse's financial condition and obligations;

(9)    the size of each spouse's separate estate and any expected inheritance;

(10)    the nature of the spouses' property;

(11)    the rights of the children of the marriage;

(12)    waste of community assets or constructive fraud against the community;

(13)    gifts by one spouse to the other; and

(14)    tax liabilities.

*Id.* at 213 (citing *Schlueter*, 975 S.W.2d at 589).

*Vazquez v. Vazquez*, 292 S.W.3d 80, 83–84 (Tex. App.—Houston [14th Dist.] 2007, no pet.)). "Therefore, a default judgment of divorce is subject to an evidentiary attack on appeal." *Id.* (citing *Vazquez*, 292 S.W.3d at 84).

Here, we conclude that a factually deficient record prevented the trial court from adequately weighing the relevant considerations necessary to make a just and right division of community property. The reporter's record of the trial for this proceeding only consisted of three substantive pages in which Anthony testified, in a conclusory manner, that his proposed divorce decree divided the community property in a manner that he considered to be fair and equitable. Anthony offered nothing further to corroborate his sentiment. Without any evidence, the trial court listed the marital home as Anthony's separate property.[2] It also awarded Anthony the entire value of his community retirement account and, with no evidence of the value of any community asset, divided the remaining community assets in what appears to be a disproportionate manner. Also, there was no evidence at trial of the fourteen factors typically used in determining a reasonable basis for dividing community property. *See Smith*, 143 S.W.3d at 213.

"The problem revealed by this record is that the trial court was not provided adequate information about what was being divided; the value of assets, outstanding debts, and other relevant considerations . . . ." *In the Matter of the Marriage of Brown*, 187 S.W.3d 143, 148 (Tex. App.—Waco 2006, no pet.). Because the record did not provide sufficient evidence from

---

[2]"Property possessed by either spouse during or on dissolution of marriage is presumed to be community property." TEX. FAM. CODE ANN. § 3.003. The spouse claiming certain property as separate bears the "burden of rebutting the presumption of community property." *Pearson v. Fillingim*, 332 S.W.3d 361, 363 (Tex. 2011). "To do so, they must trace and clearly identify the property in question as separate by clear and convincing evidence." *Id.*

which the trial court could make a just and right division of community property, we sustain Theresa's sole point of error. *See id.*; *Durham*, 2021 WL 837348, at *3.

## IV. Conclusion

We reverse the portions of the divorce decree with respect to the property division and remand the case to the trial court for further proceedings consistent with this opinion. We affirm the divorce decree in all other respects.

Charles van Cleef
Justice

Date Submitted:     August 8, 2022
Date Decided:       August 9, 2022

8